Matter of Burbank.

## N. Y. COMMON PLEAS.

In the Matter of the Accounting of WILLIAM H. BURBANK, assignee, &c.

*Assignees — accounting of — Costs and allowances — What allowances to be made for legal action or assistance in the discharge of their duties.*

The rules which prevail in regard to allowances to trustees, to reimburse them for expenses necessarily incurred in the execution of their trusts, apply to assignees for benefit of creditors.

In the ordinary performance of such duties as an assignee for the benefit of creditors assumes, he at least engages his own personal competency to perform them, and he cannot involve the estate in the expense of employing counsel to advise him as to duties he has thus assumed, unless it were shown that some unusual complications existed which rendered it reasonable and proper that professional advice should be called in to extricate or alleviate the affairs of the assigned estate from some unanticipated complications.

An assignee will not be allowed, at the expense of the estate, to retain a lawyer, as one among other employes that he may necessarily employ, for the purpose of affording him general advice as to his conduct in his office as trustee. The special exigency and reasonable necessity for the incurring of any such expense in the execution of the trust, must, in all cases, be shown.

Preparing the inventory of the property and the schedules of the debtors and creditors, the advertising, attending the auction sale, &c., are services which the assignee is bound to render himself, and if he employs an attorney to perform the services an allowance will not be made to the attorney out of the estate.

In this case there was allowed for preparing the order, &c., to advertise for creditors, ten dollars; for the citation for creditors to appear and prove their claims, twenty-five dollars, and for the papers requisite on the final accounting and the decree of discharge, twenty-five dollars.

No allowance can be made for the legal services by a lawyer upon an accounting, except where claims are litigated; but where, as in this case, the claims are simply submitted with the vouchers of the expenditures, all that is requisite upon the accounting must be done by the assignee and the referee, who, in such a proceeding, discharges the duty simply of an accountant in the examination of the accounts, with the right to take proof and try the question where claims are disputed, and the investigation assumes more or less of a trial.

*Special Term, May,* 1883.

DALY, *C. J.* — The estate on the final accounting amounts to $4,050.94, and the attorney employed by the assignee asks to be allowed out of the estate $500 for his services. The referee's bill is $125. Objection is made by the assignee both to the allowance asked by the attorney and to the referee's bill.

As to the referee's bill, being objected to it will have to be taxed by the clerk in the ordinary way on the proper proofs.

The attorney claims that he is entitled to $150 for legal services in defending three actions of replevin, one of which was tried in a district justice's court, and the other two were settled after putting in answers, in all of which the assignee succeeded. There is nothing but the attorney's estimate of the value of his services in these three suits, which will not suffice. He should have shown before the referee what services he rendered in these actions, so that the referee might pass upon and find the value of the services on his final accounting, if they are to be allowed as an expense incurred. As respects the further claim of $350, he submits an extract from his register from October 1, 1881, to April 21, 1883, to show the services rendered by him. It begins with the drawing of the assignment and ends with the preparation of the order appointing a referee to take the final accounting. As respects the drawing of the assignment, his affidavit shows that he was paid $230 by the assignee before drawing it, for advice and services in and about preparing the assignment and for other business done by the assignee previous to the assignment. So that as respects the services of preparing the assignment he has been paid for it, even if it should be regarded as an expenditure that could be imposed on the assigned estate. The other entries from the registry show that everything that was done under the assignment was done by him and not by the assignee; and he stated orally upon hearing that he gave his time for two days in attending the auction sale of the goods, which consisted of the contents of a shoe store. The other charges, with the exception of the

Matter of Burbank.

instances in which application had to be made to the court in the formal proceedings required by law, and in which the services of an attorney may be necessary, are for services which the assignee was bound to render himself, such as preparing the inventory of the property and the schedules of the debtors and creditors, the advertising, attending the auction sale, &c.; and if the assignee employed him to render such services as these, for the performance of which it was not necessary to have the services of a lawyer, he must look to the assignee for his compensation. Among these charges are twelve days spent in preparing the inventory and time spent in trying to effect an agreement for composition.

The rules which prevail in regard to allowances to trustees to reimburse them for expenses necessarily incurred in the execution of their trust apply to assignees in these proceedings. Like other trustees, they are allowed reasonable fees paid for legal advice or assistance in the discharge of their duties, such allowances for legal expenses being always, however, within the discretion of the court, and they will be reduced if in the judgment of the court they are unreasonable. So also they may, like other trustees, employ agents, collectors, accountants and other persons, where such services are necessary, and an allowance will be made for such expenditure (*Perry on Trustees, secs.* 910, 912).

It was held by my late colleague, judge ROBINSON, in *Levy's Accounting* (2 *Abb. N. C.*, 182): "In the ordinary performance of such duties as an assignee for the benefit of creditors assumes, he at least engages his own personal competency to perform them, and he cannot involve the estate in the expense of employing counsel to advise him as to duties he has thus assumed unless it were shown that some unusual complications existed which rendered it reasonable and proper that professional advice should be called in to extricate or alleviate the affairs of the assigned estate from some unanticipated complications. No such convenient rule exists as enables an assignee, at the expense of the estate, to retain

a lawyer, as one among other employes that he may necessarily employ, for the purpose of affording him general advice as to his conduct in his office as trustee. The special exigency and reasonable necessity for the incurring of any such expense in the execution of the trust must, in all cases, be shown."

The court will recognize that the services of a lawyer are necessary in drawing the formal papers that have to be presented to the court in the different stages of the proceedings, as they must be carefully prepared to comply with the provisions of the statute regulating voluntary assignments, and with the rules of the court. They are, in most cases, mere formal papers which do not require either much labor or any great professional skill in their preparation, involving little else than a due observance of the provisions of the statute and the rules of the court. The papers here were simply of this formal character, the estate being a small one and its affairs in no way complicated or difficult. There will be allowed, therefore, for preparing the order, &c., to advertise for creditors, ten dollars ; for the citation of creditors to appear and prove their claims, twenty-five dollars ; for the papers requisite on the final accounting, and the decree of discharge, twenty-five dollars  No allowance can be made for the legal services by a lawyer upon an accounting, except where claims are litigated ; but where, as in this case, the claims are simply submitted with the vouchers of the expenditures, all that is requisite upon the accounting must be done by the assignee and the referee who, in such a proceeding, discharges the duty simply of an accountant in the examination of the accounts, with the right to take proof and try the question where claims are disputed, and the investigation assumes more or less of the character of a trial. Nothing of that nature existed here. There was no contest on the part of any creditor, and the accounting was merely a formal proceeding. There may be cases where the preparation of schedules, such as inventory of the assets and schedules of the debtors and creditors, involves such investi-

gation and labor as to require the employment of a clerk or accountant ; and where such is the case the estate will be charged with the expenditure thus incurred.   But there was nothing of this kind in this case.   There was no occasion to employ a lawyer who, according to his own account, spent ten days in preparing the schedules and inventory, which, after the examination of the schedules, must have arisen because he was not familiar with matters of account, and it therefore took him a long time to do what an ordinary accountant could do in a very short time.   In my judgment, the assignee himself could have prepared these inventories and schedules, and if assignees cannot perform ordinary duties of this kind, they should not accept such a trust.   Sixty dollars, therefore, for the legal services rendered by the attorney in these proceedings is all that can be allowed, instead of $350, which is asked for, and this sixty dollars is allowed simply as necessary disbursements.

His additional claim of $150 must await the further examination and report of the referee.