In the Matter of the Assignment of ABRAHAM H. CAR-
RICK to GEORGE H. CARRICK for the Benefit of
Creditors.

[SPECIAL TERM].

(Decided May 13th, 1885).

Upon the accounting of an assignee for the benefit of creditors he will not
be allowed, as a charge against the assigned estate, for services of an at-
torney in drawing the deed of assignment, (unless such charge is specifi-
cally provided for in the deed itself,) or in preparing the schedules and
inventory of the estate and the bond of the assignee; nor for a retainer
to counsel; nor for services of an attorney upon an application for the
removal of the assignee.

Charges for services rendered to the assignee by his attorney, to the amount
of $150 in four suits brought against the assignee, and of $100 in a suit
brought by the assignee against the sheriff,—*Held*, excessive, where no
benefit had yet resulted to the assigned estate, and the proceedings were
but commenced.

APPLICATION to confirm the report of a referee upon an
accounting by an assignee under a general assignment for
the benefit of creditors.

The facts are stated in the opinion.

LARREMORE, J.—The drawing of the deed of assignment
is not properly a charge against the assigned estate unless
specifically so provided for in the deed itself. Were it such
a charge it seems that the decision *In re Levy's Accounting*
(1 Abb. N. C. 177), would particularly apply here.

The assignment itself is on a printed form, and of the
simplest character, requiring neither skill nor legal acumen
to prepare. The preparation of the schedules and inventory
is a duty required of the assignee. There are printed blanks
for the purpose, and the preparation of them is peculiarly a
matter to be done by the assignee. There is nothing in the
evidence to show that these schedules were difficult or ex-
traordinary in their nature (*Matter of Burbank*, 10 Daly
123). The bond is also on a printed blank, and it is the

duty of the assignee to obtain his sureties; the attorney may be required to see that it is properly executed, but that is all.

The attorney for the assignee, whilst making a general charge of $150 for these services, including consultations and advice between December 6th and 20th, says that he thinks that the specific items are reasonably worth as follows:

| | |
|---|---|
| Assignment, . . . . . . . . . | $25.00 |
| Schedules and Inventory, . . . . . . . | 50.00 |
| Bond, . . . . . . . . . . | 25.00 |

I do not see how any of these items can be allowed under the decision of Chief Judge DALY, in *Matter of Burbank* (*supra*). It may be that the attorney has a right to be paid for his services out of the estate, but in an indirect manner; he must look to the assignee and get it from his commissions. That is the decision of this court at Special Term, and until reversed, I am bound by it, no matter what my own opinions may be.

The court does not recognize such a thing as a "retainer" to counsel by an assignee. The attorneys will be paid for services rendered which were necessary (*Matter of Schaller*, 10 Daly 57). For the reasons stated by the learned judge in the case cited, this item must be disallowed:

| | |
|---|---|
| C. Fine, retainer fee. . . . . . . . | $100.00 |

The item of $150, in the four suits brought against the assignee, and of $100, in the suit brought against the sheriff by the assignee, are under the ruling laid down by DALY, Ch. J., in *Matter of Burbank* (*supra*), excessive.

No benefit whatever has occurred to the assigned estate in either of the above cases as yet. And the proceedings are but commenced; an answer served in one case and a replevin suit begun by the assignee. In Burbank's case, the attorney for the assignee was successful in his replevin suit and augmented the estate, and yet the court thought that $15 was a fair price to charge. As I said above I am bound by that decision.

The item of $100 for services of the attorney upon the application for his removal should not be allowed.

Order accordingly.