Larremore, C. J.
1. In regard to the question what valuation of the goods the assignee is chargeable with, I think it is well settled that the actual value given in the inventory is prima facie the amount. The burden is on the assignee to show that the actual value is less, or upon attacking creditors to show that it is greater. The character and amount of evidence to shift this presumption is a question of fact depending upon circumstances and to be determined in each case. On general principles I should say that the presumption of the correctness of the inventory is not so great *275 in insolvent assignments as in proceedings for administration in the surrogate’s court, because in. the latter the inventory is prepared with prescribed formalities by sworn officials. Still the presumption does exist here and the "burden is upon the party questioning it.
I think the referee has rightly held, that the assignee has not in this case produced proper or sufficient evidence to relieve him from being charged with inventoried value of the merchandise. The assignee employed the person (Mr. Van .Duzer) who prepared the inventory and fixed the valuation, and such assignee knew of the estimates therein put upon the goods. Mr. Van Duzer seems to have been the most competent man who could have been selected for this task, as he was familiar with the stock in all the minutiae, and had been the buyer for the assignors before the assignment. "When it was sought to question the correctness of the valuations, the motive of the assignors for changing their minds is obvious, and their testimony under the circumstances is entitled to little weight. But, as the referee very pertinently inquires, why was Mr. Van Duzer not placed upon the stand to ascertain whether Ms views had been modified or changed?
Under the peculiar circumstances the failure to call Mr. Van Duzer was very significant. The testimony of the three outside witnesses is intrinsically of little importance. They give no absolute valuations, but off-hand estimates upon the cost prices, whatever these may have been, and not knowing what they were, Moreover, their examination of the stock was very cursory and occupied but little time in proportion to the quantity of goods. It would be extremely inequitable to allow the loose statements of these men to shift the presumption in favor of the creditors, because the stock was transferred in bulk secretly and possession thereof delivered to Schoolherr, the assignee’s partner, father-in-law and bondsinan, the day after the filing of the bond, and, therefore, the creditors had no opportunity to contradict such testimony by that of experts of equal or greater experience. Considering the admitted facts and the family relationsMp of all the parties, the testimony of these witnesses has the appearance of having been introduced as a cover for a voluntary transfer of all tangible property of the firm in fraud of its creditors.
The referee did not err in charging the assignee with the inventoried value of the stock.
2. The refusal to allow commissions was correct. TMs assignee was guilty of grave misconduct.
There is no analogy between this case of Matter of Rauth (10 Daly, 52). In the latter proceeding the assignee was removed, not for anything he had done, but because on ac *276 count of his peculiar relationship it was feared he might be-unfaithful to his trust. The ground of Gomprecht’s removal was misconduct actually committed.
3. The referee in his original and supplemental reports correctly disposes of the question of counsel fees under the well established practice of this court (Levy's Account, 1 Abb. N. C., 182; In re. Johnson, 10 Daly, 127). He has-allowed the assignee counsel fees in two collection suits-in which, if they were to be brought, the services of an attorney were of course necessary, and has disallowed the claim for preparing schedules and other instruments and general advice and consultations.
The claims of the removed assignee for an allowance upon this accounting, and for the expense of printing papers upon the appeal from the order removing him, were properly denied, for the reason stated in the referee’s-opinion.
The order confirming the referee’s report should be-affirmed.
Note.—The order entered upon this decision was affirmed by the court of appeals, without opinion.—[Ed,