Fed. Cas. No. 14,571, and cases already cited. Such a performance as that under consideration is really more dangerous to public morals than any mere vulgar exhibition of nudity. The latter may arouse impure thoughts, but it is more apt to excite disgust. The greater danger lies in an appeal to the imagination; and, when the suggestion is immoral, the more that is left to the imagination the more subtle and seductive the influence. The appellant's second position is somewhat startling. Its logic would justify an advance into even a grosser domain than that of suggestiveness. According to this view, no public display of any form or expression of marital intimacy could be held to be indecent. The proposition is preposterous. The picture is none the less licentious because it is painted upon a clean canvas. The aim here was not to honor, but to degrade, marriage; and the defendant's guilt is enhanced, not diminished, by his utilization of its sacred confidences to serve his criminal purpose.

The judgment should be affirmed. All concur.

## In re CLUTE.

(Supreme Court, Appellate Division, First Department. February 5, 1897.)

1. ASSIGNMENT FOR CREDITORS—EMPLOYMENT OF ASSIGNEE'S LAW FIRM.

   Notwithstanding an agreement, made at first meeting of creditors, that the assignee's law firm might be retained for him, and paid reasonable fees, in consideration of his waiving fees as assignee, the rule that an assignee cannot retain his firm is properly followed; allowance, however, being made of fees to the assignee, as such, on objection to allowance of attorney's fees to the firm by creditors not present at such meeting, and who, though knowing the firm was performing the service, did not ratify the agreement, or estop themselves.

2. SAME—DEFENDING ACTION AGAINST ASSIGNOR.

   An assignee should be allowed reasonable attorney's fees paid for defending an action against the assignor, brought after making the assignment; the assignor being without funds, the claim being denied by him, and the services being beneficial to the estate.

Appeal from special term, New York county.

Final accounting by Frank M. Clute, as assignee of Lucius Hart (doing business under the firm and style of Lucius Hart & Co.) for the benefit of creditors. From an order sustaining exceptions of Hendricks Bros., preferred creditors, to the report of the referee, and passing the account of the assignee for the benefit of creditors, the assignee appeals. Reversed in part.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Thomas P. Wickes, for appellant.
Ira D. Warren, for respondents.

O'BRIEN, J. Hart's creditors, including Hendricks Bros., presented allowable claims for $47,906.12. For the administration of the estate the assignee claimed $5,752.71, which the referee re-

duced to $4,777.71. The assignee is a member of the firm whose claim for services was disallowed. The rule of law is that an assignee who is a lawyer cannot retain and pay his own firm. In justification of the charges made by the assignee's firm, it is claimed that at the first meeting of creditors, at which Hendricks Bros., the objecting creditors, were not present, the assignee agreed to waive his fees in consideration of the creditors consenting to the retaining of his firm as attorneys for the assignee, and paying them their reasonable fees for such services as might be rendered. Upon this subject the only evidence is that of the assignee, who testified, under objection, that he "was advised that the creditors present and represented consented to the employment of Hatch & Wickes as counsel for the assignee," and upon cross-examination:

"My understanding of the result of that meeting was that Hatch & Wickes were to be retained as counsel, as counsel would be necessary, and that Mr. Hatch stated at that meeting that Hatch & Wickes being retained as counsel, and being paid the proper fees for their services, that the assignee would make no claim for commissions."

It will be seen that the assignee personally made no agreement with even such creditors as were present, his evidence being directed to showing that he was informed that such an agreement had been made. Apart from the competency and binding effect of such evidence, it is conceded that the objecting creditors here were not present at the meeting, and were not bound by the agreement, if made; and, though they undoubtedly knew that the assignee's firm were performing services, they have not been shown to have ratified such an agreement, or placed themselves in a position by which their right to object was lost. Upon their objecting, therefore, we think the court below was right in following the general rule. The assignee was allowed full commissions on the entire amount realized by him, and was in no way prejudiced by his reliance upon the alleged agreement.

With regard to the item of $150 paid by the assignee to outside counsel for defending a suit brought against the assignor, subsequent to the assignment, for $25,000: This, we think, should have been allowed. It is made to appear that the services thus rendered were for the benefit of the estate, and were rendered after notice to the creditors. The assignor, personally, could not defend the suit, because without funds, and the conduct of the assignee resulted in the successful defense of a large claim against the estate. The cases of In re Levy, 1 Abb. N. C. 177, and In re Johnson, 10 Daly, 123, relied upon by the respondents, are clearly distinguishable, and are not authorities against the allowance of this claim. In the former, the court held that the act of the assignee was not justified, because the persons suing as creditors were admitted to be such by the assignor in his schedules, whereas here the claim was not only not recognized, but successfully contested. If allowed to be established by default, it would have seriously affected the amount which the other creditors would have received. This case is therefore clearly distinguishable from In re Levy, supra, wherein it was said:

"The claims are in no respect such as the assignee was, or could have been, necessarily compelled to incur in the execution of his trust. Neither the assignee nor the assigned estate, so far as appears, was in any way affected by these suits that were instituted against the assignor after the assignment. * * * While the assignee, as trustee for the benefit of creditors, is entitled to indemnity and reimbursement out of the assigned estate for all necessary expenses incurred by him in the execution of his trust, his right to incumber the trust estate, or involve it in the expense of litigations and the employment of professional advisers, or other expenses, is limited to such cases as reasonably call for professional advice or the incurring of the expense which one of ordinary prudence and caution would undertake in the management of his own affairs."

In Re Johnson, supra, wherein the Levy Case was cited with approval, it was held that an assignee for the benefit of creditors will not be allowed, on his accounting for the services of an attorney in the defense of actions, the amount estimated by the attorney as the value of such services, without other proof as to their nature and value. Instead of being authorities against, these cases distinctly recognize, the right of the assignee, upon proper facts, to defend claims which are not admitted by the assignor, and, where the value of the services is established by competent proof, to be allowed for such services. It is uncontroverted that in defending the claim the assignee acted in good faith, and he was successful, thus benefiting the estate; and the referee finds in his report that the services were reasonably worth the amount charged by the outside attorneys, and were actually paid for by the assignee. Our conclusion, therefore, is that this item should have been allowed.

It is conceded that in respect to an item of $500 the assignee is charged twice, the result of an error in computation, which, of course, should be corrected. With respect to these two items of $500 and $150, the order should be reversed, and the assignee credited therewith, together with the costs and disbursements of this appeal. In all other respects, the order should be affirmed. All concur.