---

### In re FRIEND.

(Supreme Court, Special Term, New York County. March, 1898.)

1. ASSIGNMENT FOR CREDITORS—ALLOWANCE TO ASSIGNEE.
    An assignee for the benefit of creditors will not be allowed counsel fees paid for preparing schedules or for general advice and consultation.

2. SAME—ACCOUNTING.
    An assignee on his final settlement claimed that money sought to be charged against him, had been received by him twelve days prior to the assignment for legal services rendered the assignor. The assignor claimed the moneys were held in trust for him, and that no legal services were rendered. *Held*,

that it was error to reject a question put to the assignee as to what the legal services consisted of.

**3. APPEAL—REVIEW—CONFLICTING EVIDENCE.**
> The decision of a referee as to a fact in dispute, made on conflicting evidence, will not be disturbed on the final hearing.

Motion to confirm the report of a referee on an accounting by Meyer M. Friend, as assignee of Herman Bendix, under a general assignment for the benefit of creditors.　Denied.

Julius J. Frank, for assignee.
Samuel Hoff, for creditors.

GIEGERICH, J.　The first question presented by the exception to the report of the referee taken by the objecting creditors relates to the allowance of a counsel fee of $500 paid by the assignee (who is an attorney at law) to his counsel.　An assignee for the benefit of creditors will not be allowed counsel fees paid for preparing schedules, or for general advice and consultations.　Levy's Accounting, 1 Abb. N. C. 182; In re Gomprecht, 13 Daly, 481, affirmed 102 N. Y. 741; In re Ludeke, 50 N. Y. Supp. 952.　In Levy's Accounting, 1 Abb. N. C. 182, Judge Robinson, in passing upon this question, said:

> "In the ordinary performance of such duties as an assignee for the benefit of creditors assumes, he at best engages for his own personal competency to perform them, and he cannot involve the estate in the expense of employing counsel to advise him as to duties he has thus assumed, unless it were shown that some unusual complications existed, which rendered it reasonable and proper that professional advice should be called in to extricate or alleviate the affairs of the assigned estate from some anticipated complications.　No such convenient rule exists as enables an assignee, at the expense of the estate, to retain a lawyer, as one among other employés that he may necessarily employ, for the purpose of affording him general advice as to his conduct in his office as trustee.　The special exigency and reasonable necessity for the incurring of any such expense in the execution of the trust must in all cases be shown."

And in Re Johnson, 10 Daly, 123, 126, Chief Judge Charles P. Daly said:

> "The court will recognize that the services of a lawyer are necessary in drawing the formal papers that have to be presented to the court in the different stages of the proceedings, as they must be carefully prepared to comply with the provisions of the statute regulating voluntary assignments, and with the rules of the court.　They are, in most cases, mere formal papers, which do not require either much labor or any great professional skill in their preparation, involving little else than a due observance of the provisions of the statute and the rules of the court."

There was but one action brought against the assignee, and that was withdrawn.　During the administration of the assigned estate, questions arose which, to my mind, were complicated, and justified the employment of counsel.　Among these were the claim of creditors for the value of merchandise which had passed to the assignee under the assignment, the continuance of the business formerly conducted by the assignor, the claim of one Joseph Liebman to apply the indebtedness due him in payment of the purchase price of goods bought at the assignee's sale, and the contention of the Columbia Bank respecting such sale.　For the services so rendered, including those performed in the suit which was discontinued, and for drawing formal

papers, I think $250 is ample. compensation, and hence the allowance of $500 should be reduced to said sum, and, as modified, the referee's report as to these matters is confirmed. This does not include the services of counsel upon the accounting. For these a supplemental account may be filed (In re Ludeke, supra), and the matter may be referred back to the referee for the purpose of receiving and passing upon the same. The attention of counsel is directed to In re Rauth, 10 Daly, 52, regarding the practice as to the allowance of costs upon an assignee's accounting. As to the $350 sought to be charged against the assignee, he testified that he received the same for professional services 12 days prior to the execution and delivery of the assignment, and with knowledge that the assignor was financially embarrassed, and then contemplated the making of an assignment for the benefit of his creditors. The assignor, however, testified that no services whatever had theretofore been rendered by the assignee for him; that such sum was paid pursuant to an understanding had between them that the assignor's family was to have the benefit of it; and that in or about November, 1897, the assignee offered said sum to the assignor, but withdrew the offer. It is true that such alleged agreement and the offer to return the money were denied by the assignee, yet his recollection respecting the time of the rendition of the services was very indistinct upon cross-examination, as appears by the following questions and answers: "Q. What period of time did these legal services cover? A. I cannot say, now. Q. Do you know? A. Some time previous to the time of the rendering of the bill. Q. How long previous? A. Covering some considerable time. Q. Well, how long? A. It may have been a year, or two years. Q. Can you give me a statement of the services for which the charge was made? A. I cannot just now. Q. Can you at the next session?" The last question was objected to by counsel for the assignee, and the referee, in sustaining the objection, said: "I think it would lead to an interminable inquiry if that line of thought were pursued, and I am obliged to stop you somewhere." At the succeeding session the assignee was interrogated upon the same subject, as follows: "Q. Mr. Friend, are you prepared to testify as to the services you rendered to Mr. Bendix, the assignor in this case, for which you claim to have been paid $350?" This was objected to by the assignee's counsel, the objection was sustained, and the objecting creditor's counsel noted an exception. This ruling, in my opinion, was error. The object of these questions, as stated by counsel for the objecting creditors, was to show that no services whatever were rendered by the assignee for the assignor for said sum; and, had he succeeded, it is apparent that the referee would have been compelled to arrive at a conclusion different from the one he did upon this subject. The matter is, therefore, referred back to the referee for the purpose of enabling the objecting creditors to cross-examine the assignee respecting the services for which he seeks to retain said sum of $350. The exception taken to the referee's refusal to charge the assignee with one-half of the statutory commissions should, in my judgment, be overruled. The counsel for the objecting creditors is in error as to the statement contained in his brief that the referee refused to allow evidence of an agreement whereby the assignee agreed to accept

only one-half of the statutory commissions. While it is true that such testimony was at first excluded, it nevertheless was admitted later on. The testimony of the assignor regarding such alleged agreement was contradicted by the assignee, and there was sufficient evidence to support a finding either way upon this subject. But it was the function of the referee to determine this question of fact, and, having found for the assignee, his conclusion should not be disturbed. Besides, such an agreement would be valid only as between the assignor and assignee, while it would be invalid so far as it affected the interests of the creditors. In re Hulburt, 89 N. Y. 259, 263.

Order to be settled on notice.