EMMA M. LOCKWOOD, Appellant, *v.* THE MANHATTAN STORAGE AND WAREHOUSE COMPANY, Respondent.

*Depositary for hire — proof of a deposit and of a failure to return it, makes out a* prima facie *case.*

A warehouse company maintaining a safe deposit department in which are boxes which it rents to customers for the deposit of such objects or valuables as they may see fit to place therein, and which can only be opened by the use of two keys, one held by the company and the other by the customer, is a bailee or depositary for hire, and under obligation to safely keep the goods intrusted to its care; and where, in an action brought by a customer against the company, the proof tends to show that the customer had placed in the box rented by her $4,000 in bills, and that upon opening the box, a fortnight later, she found there only $2,000 in bills, the customer has established a *prima facie* case, which requires the company to explain the loss, and renders a dismissal of the complaint erroneous.

APPEAL by the plaintiff, Emma M. Lockwood, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 23d day of February, 1897, upon the dismissal of the complaint by direction of the court after a trial before the court and a jury.

*Sherman Evarts*, for the appellant.

*Frederick W. Whitridge*, for the respondent.

VAN BRUNT, P. J.:

The defendant was a corporation organized for the purpose of carrying on the business and operations of owning, constructing,

maintaining, using and operating a warehouse or warehouses for the general purposes of storage and safe-keeping of merchandise, furniture and other household effects, and any and all other goods and chattels. In addition to its business of general storage the defendant had at one of its warehouses a place set apart and used as safe deposit vaults in which were separate safe deposit boxes or safes. These separate boxes or safes were rented to customers for the deposit therein by such customer of such objects or valuables as he might see fit. Access to these boxes could not be had by the customer without the knowledge and participation of the employees of the company. Such access could only be obtained by the use of two keys, one of which was held by the defendant and the other by the person who rented the box.

On the 17th of May, 1883, the plaintiff rented one of these boxes. Subsequently, on the twentieth of the same month, she rented a larger box, and in November, 1893, a still larger box. The plaintiff testified that on the 1st of February, 1894, she went to the defendant's safe deposit vaults, accompanied by Mr. Dougherty, for the purpose of examining some papers; that a tin box which was in the safe rented by her was taken into a private room in the building; that she took from the tin box the papers she needed, and put into the tin box an envelope containing $4,000 in bills, and that she then locked the tin box, which was immediately put into the safe deposit compartment where it belonged, and the door was locked by the clerk. She testified that after the clerk had locked the door she left, and went again to the safe deposit vaults on the 15th of February, 1894, accompanied by her daughter, Mrs. Latham. The safe was then opened by one of the clerks, and the tin box put on the table. She found only $2,000 in the tin box; she took out $1,000 and left the other $1,000 there. As she went out with her daughter she looked for the president, whom she did not see, and being in a great hurry she went to the bank where she deposited $800 of the money, keeping $200. When she reached home she wrote to the president requesting an interview, and the next day she went to the safe deposit company and saw the president and detailed the loss which she had sustained, and there was considerable discussion between herself and him upon the subject. The defendant having disclaimed all responsibility for the loss, this action

was brought. Upon the trial the complaint was dismissed at the close of the plaintiff's case, and from the judgment thereupon entered this appeal is taken.

In support of the judgment it is urged, upon the part of the respondent, that the contract alleged that the defendant undertook to insure to her the contents of her box in its vault; that the contract proved by her was different, and that such contract was shown by her to have been performed by the company, and the court did not, therefore, err in dismissing the complaint. This claim is based upon an allegation in the complaint that the defendant contracted and agreed with plaintiff, and it became the duty and obligation of the defendant, to safely and securely keep in said safe deposit box, during the period of one year, any and all goods and valuables which the plaintiff might, from time to time during said period, place therein

We fail to appreciate the criticism upon this form of complaint. It is by no means an allegation of insurance, but it is an allegation that the defendant received the property of the plaintiff as a bailee for the purpose of safe-keeping, and the ordinary incidents of such a contract must necessarily be implied. That the relation of the parties to such a contract is that of bailor and bailee seems to be sufficiently established in this State by the case of *Roberts* v. *Stuyvesant Safe Deposit Co.* (123 N. Y. 57), if it requires any authority whatever beyond the well-settled principles of the law of bailment. In the case cited, the court expressly held that the legal relation which the defendant held to the plaintiff was that of bailee or depositary for hire. Such being the relations between the parties, there was an obligation upon the part of the defendant to safely keep the goods committed to its care and to redeliver the same, unless it was prevented from so doing by some cause for which it was not responsible. The ordinary rule established by numerous authorities is, that when the plaintiff has proved the deposit of his goods and the failure of the defendant to produce the same on demand he has established a *prima facie* case, and the defendant must excuse his failure to produce by bringing himself within one of the recognized exceptions. (*Claflin* v. *Meyer*, 75 N. Y. 262, and cases there cited.)

Any other rule would be placing upon the plaintiff the burden of

establishing conditions in respect to which he could have no possible knowledge. The defendant is presumed to know something of what is going on upon his own premises, and it is within his ability to excuse the want of production if he has such excuse. It is for this reason that the rule has become established that, where a loss occurs where goods have been deposited with a bailee for hire and they are not produced, the bailee must account for their disappearance.

In the case at bar the plaintiff could not know what was transpiring in the warehouse of the defendant. She could not know what was done for the purpose of protecting the property committed to the care of the bailee; whereas the defendant was entirely familiar (or at least is presumed to be) with the whole of the operations in respect to the care which was taken of these safe deposit vaults. It was, therefore, called upon, if property in its custody disappeared, to show some reason which would relieve it from liability.

It is urged upon the part of the defendant that it was not the bailee, because it was not in possession of the plaintiff's property. If it was not, it is difficult to know who was. Certainly the plaintiff was not, because she could not obtain access to the property without the consent and active participation of the defendant. She could not go into her safe unless the defendant used its key first and then allowed her to open the box with her own key — thus absolutely controlling the access of the plaintiff to that which she had deposited within the safe. The vault was the defendant's and was in its custody, and its contents were under the same conditions. As well might it be said that a warehouseman was not in possession of silks in boxes deposited with him as warehouseman, because the boxes were nailed up and he had no access to them. It is perfectly clear that, under the ordinary principles governing bailments, the relation of the defendant to the plaintiff was that of a depositary for hire, and that when the plaintiff gave evidence tending to show that she had placed property within that safe which was owned by and in the custody of the defendant, and that it had been abstracted therefrom, she had made out a *prima facie* case calling upon defendant for explanation.

Some point was made in regard to certain other people having access to the safe by and with her consent; but the evidence showed

that no one had been to the safe during the period mentioned by the plaintiff, and that the defendant kept a record of every person who entered its safe deposit vaults and could easily ascertain whether the plaintiff's testimony in this regard was correct or not. The questions in relation to access to the box and as to whether the property was there or not, were not questions which the court could determine upon the motion to dismiss the complaint. They were questions to go to the jury, and, as the case stood, the plaintiff was entitled to go to the jury upon the evidence produced by her in respect to the loss of this property.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

BARRETT, RUMSEY, PATTERSON and McLAUGHLIN, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.