[L. A. Nos. 859, 860.   Department One.— August 5, 1901.]

## JAMES CUSSEN, Respondent, v. SOUTHERN CALIFORNIA SAVINGS BANK, Appellant.

SAFE-DEPOSIT — BAILMENT FOR HIRE — RESPONSIBILITY OF BAILEE. —
The relation between one who rents a safe, and the savings bank from which it is rented, and which carries on a safe-deposit business, is that of bailor and bailee.  The bank is a depositary for hire, and is responsible for ordinary care in the safeguarding and preservation of the bailor's property, if such responsibility has not been waived by special agreement.

ID. — SPECIAL AGREEMENT — DILIGENCE AGAINST ADMISSION OF UNAUTHORIZED PERSON — CONSTRUCTION — NON-WAIVER OF BAILEE'S LIABILITY. — A special agreement, that the lessor of the safe "shall use diligence that no unauthorized person shall be admitted to any rented safe, and beyond this the lessor shall not be responsible for the contents of any safe rented from it," is not to be construed as referring merely to an unauthorized person gaining admission to the safe in the ordinary course of business, but as only intended to fix the degree of care to be used in identifying parties claiming to be its customers.  Such agreement does not constitute a waiver of the liability for diligence imposed by law upon the bailee for hire, in safeguarding valuable property from thieves, whether without or within, and in employing and supervising fit men to guard the property.

ID. — LOSS OF MONEY ON DEPOSIT — RECOVERY FROM BAILEE — BURDEN OF PROOF. — Where the loss of money on deposit in a safe rented by the bailor from the bailee for hire is established in an action to recover the money from the bailee, a *prima facie* case is shown; and the burden of proof is upon the defendant to show that proper care was used in the safe-keeping of the plaintiff's money.

ID. — NEGLIGENCE — FAILURE TO DELIVER KEYS TO BOX — SUPPORT OF VERDICT. — The verdict of a jury, finding the defendant guilty of negligence in failing properly to safeguard the plaintiff's money, the loss of which was established, is sustained by proof that the defendant failed to deliver to plaintiff both of the keys which unlocked his box.

ID. — EXTENT OF LIABILITY OF SAFE-DEPOSIT COMPANY — CODE PROVISION INAPPLICABLE. — Section 1840 of the Civil Code, which provides that "the liability of a depositary for negligence cannot exceed the amount which he is informed by the depositor, or has reason to suppose, the thing deposited to be worth," has no application to protect a safe-deposit company from liability for the actual value of a deposit lost by its negligence, where the very manner of the conducting of its business contemplates that it shall not know or be informed of the value or character of the thing deposited, but shall purposely close its eyes thereto.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. B. N. Smith, Judge.

The facts are stated in the opinion of the court.

Goodrich & McCutchen, and J. S. Chapman, for Appellant.

There was no bailment of the money, delivery in trust being essential to a bailment. (Jones on Bailment, 117; 2 Bla. Com., 451; *Sherman* v. *Com. Printing Co.*, 29 Mo. App. 31; *Peers* v. *Sampson*, 4 Dowl. & R. 636.) The rental of the box created the relation of landlord and tenant. (*Hackett* v. *Patterson*, 16 N. Y. Supp. 170.) The servants of the defendant were not in the course of their duty in stealing the money, and the bank was not liable for their theft. (*Finnucane* v. *Small*, 1 Esp. 315; *Merchants Nat. Bank* v. *Guilmartin*, 88 Ga. 797.)

Joseph Scott, and Anderson & Anderson, for Respondent.

The loss of the money having been proved, the burden of proof was upon the defendant to show due care, as bailee for hire. (*Lockwood* v. *Manhattan Storage Co.*, 50 N. Y. Supp. 974; 28 App. Div. 68; *Claflin* v. *Meyer*, 75 N. Y. 262;[1] *Isham* v. *Post*, 141 N. Y. 100;[2] *Gray* v. *Merriam*, 148 Ill. 179;[3] *Merchants Nat. Bank* v. *Carhart*, 95 Ga. 394;[4] *Preston* v. *Prather*, 137 U. S. 604, 610, 611; *Cumins* v. *Wood*, 44 Ill. 416.[5]) Non-liability for theft of an employee is confined to gratuitous bailment. (*Merchants Nat. Bank* v. *Guilmartin*, 88 Ga. 797.) Diligence must be used in the selection and supervision of employees having access to the deposit. (*Preston* v. *Prather*, 137 U. S. 604.)

GAROUTTE, J. — Defendant carried on a safe-deposit business. Plaintiff rented a safe in its deposit-vaults for the period of one year, and deposited therein a sum of money. Upon a subsequent visit to the vaults he discovered that $560 of his money had been abstracted. He has recovered judgment against defendant for that amount, and this appeal is taken from that judgment.

The relation between these parties was that of bailor and bailee. The defendant was a depositary for hire. (*Roberts* v.

[1] 31 Am. Rep. 467.
[2] 38 Am. St. Rep. 766, and note.
[3] 39 Am. St. Rep. 172.
[4] 51 Am. St. Rep. 95.
[5] 92 Am. Dec. 189.

*Stuyvesant Safe Deposit Co.*, 123 N. Y. 57;[1] *Lockwood* v. *Manhattan Storage Co.*, 50 N. Y. Supp. 974; 28 App. Div. 68.) The relationship of bailment for hire existing, it devolved upon defendant to use ordinary care in the safeguarding of plaintiff's property. The law demands the exercise of that degree of care by defendant in the preservation of this property, unless by some special agreement it has been waived. We find nothing in this contract pointing in that direction.

It is insisted that subdivision 7 of the agreement entered into between these parties amounted to a waiver of liability. That provision declares: "The lessor shall use diligence that no unauthorized person shall be admitted to any rented safe, and beyond this the lessor shall not be responsible for the contents of any safe rented from it." In considering this clause of the contract, defendant declares its construction to be: "The word 'admitted,' therefore, defined by the facts and circumstances attendant upon the making of this contract, and in connection with the contract itself, refers to such persons as might be admitted to the safe-deposit vaults in the usual course of the business, and under the rules and regulations of the bank; and the admission of any 'unauthorized' person therefore refers to a person gaining access to the box in the usual course of business, when in fact he had no right to do so. And the diligence to be exercised by the bank was to guard against false impersonation and forgery by a person claiming to be a renter or a deputy." Adopting this construction of the contract as the correct one, then the court is assured that the balance of the clause, " and beyond this the lessor shall not be responsible for the contents of any safe rented from it," only refers to its liability as to those persons " admitted " to the safe, as the word " persons" is defined by defendant's construction of this clause. Under the construction of this clause as contended for by defendant, it could open wide the doors of its vaults, leave the building without any protection whatever, and thereafter, by invoking this provision of the contract, relieve itself of liability for the property of depositors stolen therefrom by thieves. This position is not maintainable in law, and the aforesaid clause was only intended to fix the degree of care required to be exercised by defendant, not in guarding the property placed in its charge, but in the identification

[1] 20 Am. St. Rep. 718.

of parties claiming to be its customers. It follows, therefore, that the defendant was called upon by the law to use that degree of care in the safe-keeping of this property which is demanded from a bailee for hire in the keeping of valuable property. It was required to use that degree of care in the protection of this property from thieves without and thieves within, and it was required to use that same degree of care in the selection of its employees, and in the supervision of their conduct after they were employed.

It is said in *Preston* v. *Prather*, 137 U. S. 604: "Persons, therefore, depositing valuable articles with them expect that such measures will be taken as will ordinarily secure the property from burglars outside and from thieves within, . . . and also that they will employ fit men, both in ability and integrity, for the discharge of their duties, and remove those employed whenever found wanting in either of these particulars. An omission of such measures would in most cases be deemed culpable negligence so gross as to amount to a breach of good faith, and constitute a fraud upon the depositor." (See also *Gray* v. *Merriam*, 148 Ill. 179, 190.[1])

In this case it was established by plaintiff's evidence that his money was abstracted from the vaults of defendant while on deposit. Under these circumstances the burden was cast upon defendant of showing that it used proper care in the safe-keeping of the plaintiff's property. In *Lockwood* v. *Manhattan Storage Co.*, 50 N. Y. Supp. 954, 28 App. Div. 68, it is said: "The ordinary rule established by numerous authorities is, that when plaintiff has proved the deposit of his goods, and a failure of the defendant to produce the same on demand, he has established a *prima facie* case, and the defendant must excuse his failure to produce, by bringing himself within one of the recognized exceptions." (See also *Claflin* v. *Meyer*, 75 N. Y. 262.[2])

If plaintiff made a *prima facie* case by showing a deposit of the money and its subsequent loss, then, as to the facts, the only question remaining is, Was the jury justified in declaring that defendant failed to use the care demanded by the law in the protection of plaintiff's property? Clearly, as matter of law, this court cannot say that defendant used that degree of care. And the finding of fact by the jury as to want of care

---

[1] 39 Am. St. Rep. 172.    [2] 31 Am. Rep. 467.

cannot be set aside by this court as being without support in the evidence. The jury was fully justified in declaring defendant wanting in the exercise of proper care when it failed to deliver to plaintiff both of the keys which unlocked his box, thus leaving outstanding in the hands of some one a key to the box. In addition to this fact, the evidence discloses that these safety-deposit vaults for a long period of time were left in charge of one Burgwald, a lad about seventeen years of age, whose salary was thirty dollars per month. It was developed that he had been in the employ of defendant but three months when he was placed in charge of the deposit-vaults. It was further shown that he left the employment of defendant before plaintiff's loss was discovered, and that no inquiry was ever made by defendant, prior to or during his employment, as to his honesty or integrity. The jury might well say that proper care was not exercised in the selection and retention of this employee. A second lad, who was working for a salary of twenty-five dollars per month, also had charge of these vaults a portion of the time, and substantially all that has been said as to Burgwald may be said of this second employee. Upon this character of evidence we are satisfied with the verdict of the jury as to the facts involved in the case.

Section 1840 of the Civil Code declares: " The liability of a depositary for negligence cannot exceed the amount which he is informed by the depositor, or has reason to suppose, the thing deposited to be worth." Defendant relies upon this section of the code, but in its provisions we see no relief for it. Here, plaintiff did not inform defendant as to the value of the deposit. Neither does defendant claim that it had reason to suppose the thing deposited was of less value than it was in fact. Indeed, the very manner of conducting this somewhat peculiar line of business contemplates that the bailee shall not know the value of the thing deposited. In substance, he closes his eye to the value and character of the deposit, and this fact seems to be one of the controlling features in the transaction of this character of business. Under the circumstances, it is apparent that section 1840 of the Civil Code can have no application to the facts of this case.

In view of what has been said upon the various questions discussed, it follows that the action of the trial court, of which

complaint is here made, in the giving and refusing certain instructions, was correct.

For the foregoing reasons the judgment and order are affirmed.

Van Dyke, J., and Harrison, J., concurred.

Hearing in Bank denied.