[Civ. No. 7999. First Appellate District, Division Two.—October 14, 1931.]

CATHERINE BAYNE STEPHENS, Appellant, v. COMMERCIAL NATIONAL BANK (a National Banking Association), Respondent.

452

Edward T. Sherer and Welburn Mayock for Appellant.

LeRoy M. Edwards and O. C. Sattinger for Respondent.

SPENCE, J.—Plaintiff sought to recover damages, basing her alleged cause of action upon the allegations that defendant had "negligently, carelessly and wrongfully and without any authority from plaintiff" permitted certain certificates of stock to be taken from her safe deposit box. The trial court directed a verdict in favor of defendant and from the judgment entered upon the verdict plaintiff appeals.

In 1922 plaintiff and her son George Bayne Stephens jointly rented a safe deposit box in the defendant bank. They signed an agreement with the bank which provided among other things that the bank was authorized to grant access to the box to either of them "or the duly appointed deputy of either". It further provided that plaintiff and

her son would hold the bank harmless against any loss or claim for damage caused by reason of the bank granting access to and the removal of the contents of the box by either of them "or the duly appointed deputy of either". The box was of the ordinary type having two keys, a master key held by the bank and another key which was given to plaintiff. Plaintiff deposited various papers in the box including unindorsed certificates for 175,000 shares of the preferred stock of the Interstate Oil Corporation. On June 27, 1924, plaintiff executed a general power of attorney to one W. F. Peterson. Plaintiff then left Los Angeles and while in Chicago, on July 23, 1924, executed a second general power of attorney to the said Peterson. Both instruments were entitled "Power of Attorney, General". They were in the form commonly used in this state and purported to confer upon said Peterson the power and authority to do every act and thing which plaintiff could do if personally present. The second differed from the first only in the addition of deeds of trust to the instruments specifically referred to therein. Both documents were recorded in the office of the county recorder of Los Angeles County. Neither was ever revoked and both were in full force and effect at all times mentioned herein. On February 24, 1925, plaintiff wrote a letter to Peterson from Chicago specifically authorizing and directing him to take certain stock certificates from her safe deposit box. Peterson went to the bank with this letter and plaintiff's key in his possession. After being identified he was permitted to withdraw the stock referred to in the letter and no complaint is made concerning this withdrawal. On March 16, 1925, Peterson again went to the bank, having in his possession plaintiff's key and the second general power of attorney above mentioned. The defendant bank granted him access to the box. Among other things, he withdrew certain certificates of the stock of the Interstate Oil Corporation representing 100,000 shares for which he left a receipt. These are the certificates involved in this action. On the same day he took these certificates to the National City Bank of Los Angeles, where he indorsed the certificates on behalf of appellant and pledged them as security for a loan in the amount of $23,500, signing the note in the name of plaintiff by himself as her attorney-in-fact. The proceeds of this loan were used in part to pay off a matured note of George Bayne

Stephens to the National City Bank in the sum of $18,000 and a check for the balance made out to plaintiff was indorsed by Peterson as attorney-in-fact and appropriated by him to his own use.

Appellant contends that the trial court erred in directing a verdict for respondent and further erred in excluding evidence relating to general custom, but in our opinion both contentions are without merit. Although appellant alleged that respondent permitted the certificates to be taken without any authority from appellant, the uncontradicted testimony shows that Peterson had such authority by virtue of the general powers of attorney. It is apparently conceded on this appeal that Peterson was authorized to enter the box as appellant states that "this is an action for the alleged negligence of the respondent bank in allowing an authorized person to enter the safe deposit box which appellant had leased from respondent". However, appellant cites *Cussen* v. *Southern Cal. Sav. Bank,* 133 Cal. 534 [85 Am. St. Rep. 221, 65 Pac. 1099], in support of her contention that she established a *prima facie* case of negligence, but the authority relied upon by appellant is not in point. There is no dispute here concerning the facts and no question concerning the burden of proof. The certificates were admittedly taken by Peterson and power of attorney was admittedly broad enough to authorize the taking. It was the duty of the bank to grant access to the box to Peterson upon presentation of the authority conferred upon him by appellant. Actionable negligence involves the violation of a duty and the respondent bank may not be charged with such negligence solely by reason of doing an act which it was under a duty to perform. In the reply brief appellant calls attention to the fact that a short time before Peterson took the certificates in question, the respondent bank had granted access to the box to Peterson by virtue of the authority contained in appellant's letter of February 24, 1925, which letter referred solely to certain other stock certificates. This letter, however, did not purport to revoke any authority previously granted and the power and authority previously granted and conferred under the general power of attorney remained unrevoked when the securities here involved were subsequently taken.

■ The objections to the questions relating to general custom were properly sustained. These questions pertained to custom regarding identification of persons seeking to gain access to safe deposit boxes and were entirely irrelevant. It is only necessary to point out that it was conceded at the trial that Peterson and no other person had entered the box and no question of identification was involved.

From what has been said it is obvious that appellant's loss was occasioned by the wrongful acts of her trusted and duly authorized attorney-in-fact and not by any negligence on the part of respondent. It is therefore unnecessary to discuss other grounds urged by respondent in support of the judgment.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.