**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 12 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARSEN NALBANDYAN; JANET R. NALBANDYAN; VILLI WEISS; ZHANNA WEISS; VIKTORYA SOKOL; DIANA WEISS AIZMAN, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CITIBANK, NA, <br><br> Defendant-Appellee. | No. 17-55856 <br><br> D.C. No. 2:15-cv-09302-JAK-KK <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted December 4, 2018
Pasadena, California

Before: RAWLINSON and BEA, Circuit Judges, and BASTIAN,** District Judge.

Plaintiffs rented safe deposit boxes from Defendant Citibank, in which they

claim to have placed cash and other valuables. After the cash and valuables

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Stanley Allen Bastian, United States District Judge for the Eastern District of Washington, sitting by designation.

vanished, Plaintiffs sued Citibank, alleging claims for breach of contract, negligence, conversion, and fraud. The district court dismissed Plaintiffs' fraud claim, and later granted summary judgment to Citibank on the remaining claims, reasoning that Plaintiffs had failed to raise a triable issue of fact as to Citibank's negligence because "[a] finding of negligence in the stewardship of a safe deposit box requires more than mere speculation." Plaintiffs challenge both of these rulings, as well as the district court's denial of their motion for reconsideration. Because the parties are familiar with the facts of this case, we repeat them only as necessary to explain our decision.

This panel, sitting in diversity jurisdiction, applies California substantive law and federal procedural law. *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010). A district court's dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) is reviewed de novo. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). A district court's order on summary judgment is also reviewed de novo. *Surrell v. California Water Serv. Co.*, 518 F.3d 1097, 1103 (9th Cir. 2008). A district court's order on a motion for reconsideration is reviewed for abuse of discretion. *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 954 (9th Cir. 2013).

I.

Under California law, the elements of fraud are: "(1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004). The district court did not err in dismissing Plaintiffs' fraud claim for failure to state a claim on which relief can be granted, because Plaintiffs failed to plead facts sufficient to support the "knowledge of falsity" or "intent to defraud" elements of their fraud claim. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The district court correctly found that Plaintiffs' allegations regarding these two elements were entirely conclusory, and therefore failed to meet the pleading standards under Fed. R. Civ. P. 9; 12(b)(6). *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

II.

The district court erred in granting summary judgment in favor of Citibank on Plaintiffs' breach of contract and negligence claims. When Plaintiffs presented evidence that they had deposited valuable property (as bailors) to Citibank (as bailee) that later went missing, such evidence created a rebuttable presumption of negligence of Citibank, affecting the burden of producing evidence. *See Cussen v. Southern California Savings Bank*, 133 Cal. 534, 537 (1901); *Gardner v. Jonathan Club*, 35 Cal.2d 343, 348 (1950). Citibank attempted to rebut this presumption by presenting evidence that it had followed standard banking practices, and that it

3

accordingly had not been negligent (nor had any of its acts or omissions caused Plaintiffs' losses). But Plaintiffs thereafter established a triable issue of material fact as to Citibank's liability by presenting evidence that (a) they placed valuable property and cash in their safe deposit boxes, (b) the cash and property went missing, (c) safe deposit box keys can be duplicated in a variety of ways if a thief has momentary physical access to and possession of the key, (d) on one occasion Plaintiff Zhanna Weiss "vague[ly]" recalls a bank employee leaving her key in the lock while she was in another room—thereby giving bank employees access to the key outside her presence, and (e) on one occasion Plaintiff Arsen Nalbandyan recalls briefly leaving his key with a bank employee while he chased after his young daughter.

Citibank admitted at oral argument that it would have been a breach of their policies for Citibank employees to have had access to Plaintiffs' customer keys outside the presence of the customer.[1] The question is thus whether Plaintiffs presented sufficient evidence to create a triable issue of fact as to Citibank's breach, and whether such a breach caused Plaintiffs' losses. The evidence adduced showed

---

[1] The standard of care that a bailee (such as Citibank) must exercise in safeguarding the property of a bailor (such as Plaintiffs) under California law is established by looking to the industry customs and practices in effect at the time. *See Webber v. Bank of Tracy*, 66 Cal. App. 29, 36 (Cal. Ct. App. 1924) ("[N]o jury can be permitted to say that the usual way and ordinary way is a negligent way, for which liability shall be imposed, . . . [and] they cannot be allowed to set a standard which shall, in effect, dictate the customs or control the business of the community.").

that the only ways to access a safe deposit box are (a) to pick the box's locks, (b) to drill through the box's locks, or (c) to use the customer key in conjunction with the bank's master key to unlock the box. Plaintiffs presented evidence that their boxes were neither picked nor drilled. The process of elimination suggests that if the boxes were looted, they were looted by use of the customer keys (or duplicates thereof).[2] This inference—combined with the evidence that Citibank employees had access to Plaintiffs' customer keys outside their presence, and the evidence regarding the ease with which customer keys can be duplicated—creates triable issues of material fact as to whether Citibank was negligent, and whether any such negligence was a substantial factor in causing the claimed losses. These are issues which should have gone to a jury.

## III.

Plaintiffs' briefs fail to support their assertion that the district court erred in granting summary judgment in favor of Citibank on Plaintiffs' conversion claim, and they have thus waived any such argument. *See Acosta–Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992).

## IV.

---

[2] "[W]hen you have eliminated all which is impossible, then whatever remains, however improbable, must be the truth." Arthur Conan Doyle, The Adventure of the Blanched Soldier, Liberty, Oct. 16, 1926.

Plaintiffs dedicated two sentences of their fifty-eight page opening brief to discussing the district court's denial of their motion for reconsideration under Fed. R. Civ. P. 59(e), and rest their challenge to that denial entirely on their arguments challenging the district court's summary judgment and dismissal orders. To the extent that Plaintiffs challenge the district court's refusal to reconsider their argument that there was a triable issue of fact as to the breach of contract and negligence claims, Plaintiffs' challenge is moot given the panel's decision to reverse the district court's summary judgment order as to those claims. To the extent that Plaintiffs challenge the district court's refusal to reconsider Plaintiffs' arguments related to their fraud and conversion claims, the challenge is meritless for the reasons described above.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

***Nalbandyan v. Citibank*, Case No. 17-55856**
**Rawlinson, Circuit Judge, dissenting:**

I agree with the majority that the Plaintiffs failed to plead a plausible fraud claim. I also agree with the majority that Plaintiffs waived any argument asserting error in the granting of summary judgment for Citibank on their conversion claim. Finally, I agree that the Plaintiffs' challenge to the denial of their motion for reconsideration was meritless as to their fraud and conversion claims. For the reasons discussed below, I would conclude that the motion was similarly meritless as to Plaintiffs' breach of contract and negligence claims.

I respectfully dissent from that portion of the majority opinion concluding that the district court erred in granting summary judgment in favor of Citibank on Plaintiffs' breach of contract and negligence claims.

The majority opinion rests its analysis largely on the presumption that arose from the Plaintiffs' allegations that they placed large sums of money or valuable jewelry in safe deposit boxes at Citibank, and that the items went missing. *See Majority Opinion*, p.4. To rebut the presumption, Citibank presented evidence that it followed standard banking practices.

Once Citibank presented evidence that it followed accepted banking practices, the presumption fell away as provided in California Evidence Code §

1

604:

> The effect of a presumption affecting the burden of producing evidence is to require the trier of fact to assume the existence of the presumed fact unless and until evidence is introduced which would support a finding of its nonexistence, in which case the trier of fact shall determine the existence or non-existence of the presumed fact from the evidence and *without regard to the presumption. . . .*

Cal. Evid. Code § 604 (emphasis added).

Because Citibank produced evidence that would support a finding that the bank was not negligent, the presumption of negligence no longer existed. Rather the court was required to look to the evidence to determine if Plaintiffs made a sufficient showing of negligence to avoid summary judgment. *See id.* They did not.

The most evidence the Plaintiffs could muster in their effort to defeat summary judgment was the following:

1.     Safe deposit box keys can be duplicated in a variety of ways;

2.     On *one* occasion Plaintiff Zhanna Weiss "vague[ly]" recalls a bank employee leaving her key in the lock while the Plaintiff was in another room;

3.     On *one* occasion Plaintiff Arsen Nalbandyan recalls briefly leaving his key with a bank employee while he chased after his young daughter.

2

*Majority Opinion*, p.4. (emphases added).

Notably absent from these assertions is whether the singular occasions referenced were anywhere near the time frame of the extended periods during which the valuables purportedly went missing, or that the referenced bank employees had any means of copying the keys during the two described instances. And importantly, Plaintiff Weiss self-described her recollection as "vague." This is precisely the type of evidence that has been rejected as too speculative. *See Webber v. Bank of Tracy*, 66 Cal. App. 29, 35 (1924) (holding that negligence of a bank could not "be supported by mere conjecture or surmise"). I would affirm the judgment of the district court in its entirety.