[Civ. No. 5590. First Appellate District, Division Two.—Feb-ruary 15, 1927.]

## HARRY A. EMIGH, Appellant, v. VINCENT E. WOOD, Respondent.

[1] CLAIM AND DELIVERY—STOLEN AUTOMOBILE—CORRESPONDENCE BE-TWEEN PEACE OFFICERS—EVIDENCE.—In this action in claim and delivery for the return of an automobile which was left with de-fendant for the purpose of repairs, but which was stolen, con-ceding that it was error to receive in evidence, over plaintiff's ob-jection, certain correspondence that had passed between the peace officers in locating the automobile after it had been stolen, the error was without prejudice where the subject matter of the cor-respondence was so irrelevant to the issues being tried that it could not in any way have affected the rights of the parties.

[2] ID.—REPOSSESSION OF AUTOMOBILE—TERMS OF BAILMENT—ISSUES —FINDINGS.—In such action, the trial court did not err in failing to make a finding on the subject of the repossession of said auto-mobile by the plaintiff, or regarding the terms of the bailment, where the pleadings contained no allegations on those subjects, and if such findings had been made they would have been outside the issues.

[3] ID.—DEMAND—CONFLICTING EVIDENCE—FINDING—APPEAL.—In such action, the appellate court had no power to disturb the finding

of the trial court that plaintiff did not demand the return of the car on a specified date, as alleged and testified to by plaintiff, where some of the witnesses for defendant testified that plaintiff did not do so; but such point was immaterial where plaintiff testified that plaintiff made another demand on the following day, and the trial court found that fact in favor of plaintiff.

[4] ID.—THEFT OF AUTOMOBILE—ABSENCE OF NEGLIGENCE — PLEADING —EVIDENCE—FINDINGS.—In such action in claim and delivery for the return of an automobile, where defendant in his answer pleaded facts showing that the automobile had been stolen from his possession without any negligence on his part, and plaintiff did not file any demurrer to or make any motion to strike out any parts of such answer, and on the trial of the case all the evidence regarding the care exercised by defendant came in without any objection being interposed thereto, the trial court did not err in making findings regarding the negligence of defendant.

[5] ID. — MEASURE OF LIABILITY — SPECIAL CONTRACT — REASONABLE CARE.—Where there was no special contract between the parties regarding the delivery of the automobile, defendant's liability was that imposed by law, and where the car was stolen without any negligence on defendant's part, defendant was not liable; and when thereafter the car was located, no new liability arose which imposed on defendant the duty of sending for the car or otherwise bringing it to the possession of plaintiff.

---

(1) 4 **C. J.**, p. 969, n. 56.    (2) 38 **Cyc.**, p. 1969, n. 1.    (3) 4 **C. J.**, p. 883, n. 33, p. 1060, n. 7.    (4) 6 **C. J.**, p. 1123, n. 79.    (5) 6 **C. J.**, p. 1141, n. 22.

APPEAL from a judgment of the Superior Court of Santa Barbara County. S. E. Crow, Judge. Affirmed.

The facts are stated in the opinion of the court.

Coleman E. Stewart for Appellant.

Griffith & Thornburgh and Wm. G. Griffith for Respondent.

STURTEVANT, J.—The plaintiff commenced an action in claim and delivery against the defendant. The defendant answered and a trial was had before the court sitting without a jury. The trial court made findings in favor of the

---

5. See 3 **R. C. L.** 116.

defendant and the plaintiff has appealed under section 953a of the Code of Civil Procedure.

On the morning of the tenth day of August, 1923, the plaintiff took his automobile to the defendant's garage and left it there for the purpose of having some minor repairs made. He testified that during the afternoon of that day he called for his car and was told that the work was not completed. During the night intervening between August 10th and August 11th the garage was burglarized and the car was stolen. On the eleventh day of August the plaintiff was promptly informed that the car had been stolen and the circumstances surrounding the theft. The other facts will appear as we proceed.

[1] The trial court, over the objection of the appellant, received in evidence the correspondence that had passed between the peace officers in locating the automobile after it had been stolen. The appellant earnestly contends that the ruling was error. Conceding that it was, the error was without prejudice as the subject matter of the correspondence was so irrelevant to the issues being tried that it could not in any way have affected the rights of the parties.

[2] The appellant contends that the trial court erred in failing to make a finding on the subject of the repossession of said automobile by the plaintiff and that it failed to make a finding regarding the terms of the bailment between the plaintiff and the defendant. The pleadings contained no allegations on those subjects, and if such findings had been made they would have been outside of the issues. [3] The appellant contends that the trial court should have found that the plaintiff demanded of the defendant the return of the car on August 10, 1923. Some of the witnesses for the defendant testified that the plaintiff did not do so, although the plaintiff supported this allegation by his own testimony. In the face of that conflict this court has no power to disturb the finding which the trial court made. Furthermore, the point is immaterial when considered in connection with other facts. The plaintiff testified that he made another demand on August 11, 1923. The trial court found that fact in favor of the plaintiff. That finding was sufficient for all of the purposes of the case. The plaintiff was not bound to make two demands. [4] Finally, the appellant contends that the trial court erred in making

any findings respecting the negligence of the defendant. The point is without merit. We appreciate that, according to the appellant's theory of the case, the point is of the utmost importance, but we are unable to adopt that theory. To justify his failure to deliver, the defendant in his answer pleaded facts showing that the automobile had been stolen from his possession and that it was so stolen without any negligence on his part. If true, such facts constituted a complete defense. (Civ. Code, sec. 1852; 4 Cal. Jur. 24, sec. 14; Elliott on Bailments, secs. 40 and 80; *Tatro* v. *Baker-Fisk-Hugill Co.*, 215 Mich. 623 [184 N. W. 449]; *Gallowitz* v. *Magner*, 208 App. Div. 6 [203 N. Y. Supp. 421].) Furthermore, the contention which appellant now makes was never presented to the trial court. The plaintiff did not file any demurrer to, or make any motion to strike out any parts of the defendant's answer. On the trial of the case all of the evidence regarding the care exercised by the defendant came in without any objection being interposed thereto. In passing it should be stated that the appellant in his opening brief and in his closing brief states that he is not attacking the finding as being unsupported by the evidence, but that he is contending that the subject matter of the finding is irrelevant and immaterial.

[5] The appellant's theory was to the effect that the defendant was in all events bound to redeliver the car. In this behalf the appellant relies on the statement, "*Where the manner of redelivery or delivery over is specified,* the bailee must comply strictly therewith or be liable in the event of any loss." (Italics ours.) (6 C. J. 1142, note 59.) The vice of appellant's position is in the assumption that in this case there was any *special contract* between the parties regarding the redelivery. The record is wholly silent. It is not to be controverted but what the defendant could have made a contract in which he would have been responsible in all events. (4 Cal. Jur. 24, sec. 14.) But *the record does not disclose that he did so* and his liability therefore is the liability imposed by law—no less and no more. When it transpired that the car had been stolen it remained to be ascertained whether it was stolen through the negligence of the defendant. If, under the facts as pleaded, he had exercised ordinary care, he was not liable. When thereafter the car was located no new liability arose

which imposed on the defendant the duty of sending for the car or otherwise bringing it to the possession of the appellant.

We find no error in the record.    The judgment is affirmed.

Nourse, J., and Koford, P. J., concurred.