JAMES A. NORRIS, Respondent, *v.* MANISCHEWITZ BROADWAY CENTRAL HOTEL, INC., Appellant.

Supreme Court, Appellate Term, First Department, April 20, 1927.

Inns and innkeepers — liability for loss of guest's money — plaintiff deposited $1,940 in tin box in defendant's safe, but neither obtained receipt nor executed special liability agreement — defendant hotel liable only up to $500 pursuant to General Business Law, § 200 — judgment reversed and new trial ordered.

Plaintiff, who while a guest at defendant's hotel deposited $1,940 in a tin box in defendant s safe, but neither obtained a receipt therefor nor executed a special liability agreement, cannot recover more than the statutory sum of $500 (General Business Law, § 200, as amd. by Laws of 1923, chap. 417) in an action against defendant for the loss of the money.

The mere fact that the plaintiff requested the defendant to give him a receipt for the package, and that the defendant replied that his key to the tin box would be his receipt, was not a special agreement in writing by which the liability of the defendant was extended beyond $500.

BIJUR, J., dissents, with opinion.

APPEAL by defendant from judgment entered in the City Court of the City of New York in favor of plaintiff and against the defendant in the sum of $2,260.30, and from an order denying a motion for a new trial.

*Reit & Kaminsky* [*Hyman J. Reit* of counsel], for the appellant.

*George Copeland,* for the respondent.

DELEHANTY, J.   The deposit of $1,940 by the plaintiff in a tin box in the safe of the defendant, as testified by plaintiff, was a delivery of such sum to the defendant and a compliance with section 200 of the General Business Law (as amd. by Laws of 1923, chap. 417).

The deposit of such money was made by putting in said tin drawer or compartment in the defendant's safe a money belt in which was contained the said sum of money. No disclosure was made by plaintiff to the defendant of the contents of the deposit. No special agreement of liability on the part of the defendant was made in writing with the defendant, and, therefore, as claimed by defendant's counsel on the trial the liability of the defendant under the proofs in this case and the statute could not exceed the sum of $500. The mere fact that the plaintiff requested the defendant to give him a receipt for the package, and that the defendant replied that his key to the tin box would be his receipt was not a special agreement in writing by which the liability of the defendant for the contents of the package was extended beyond $500. Had the plaintiff informed the defendant of the contents of the package and that he was depositing a sum of money in excess of $500 and the defendant had then told the plaintiff, upon the request for a receipt, that his key was a receipt, there might have been a question for the jury to determine whether by such action of the defendant it had waived the provisions of the statute as to its responsibility beyond the sum of $500. (*Bendetson* v. *French,* 46 N. Y. 266, 269, 270.)

Judgment and order reversed and a new trial ordered, with costs to appellant to abide the event.

CRAIN, J. (concurring in result). This is an appeal from a judgment of the City Court entered upon a verdict in favor of the plaintiff and from an order which denied the defendant's motion for a new trial upon the judge's minutes. The action was brought to recover the sum of $1,940, with interest, an amount said to have been deposited by the plaintiff with the defendant for safekeeping while the plaintiff was a guest at the defendant's hotel and which plaintiff alleged the defendant was negligent in safeguarding and

omitted to return upon demand. There was testimony at the trial going to the point that on March 10, 1924, the plaintiff, accompanied by his wife, arrived at the hotel of the defendant, having come from Carbondale in Pennsylvania; that the purpose of his visit was to attend a convention or gathering of the Brotherhood of Locomotive Engineers, of which organization he was secretary and treasurer; that he registered his name in a book kept by the defendant for the registration of names; that his signature appeared six lines from the top of the page, and that at the top of the page the following words were printed: " Guests are hereby notified that the proprietor will not be responsible for valuables, money, jewelry, etc., unless the same are deposited with the Cashier subject to Rules of the House and conditions, on receipt given by him. No packages received after six o'clock P. M. Jay G. Wilbraham, Proprietor."

The plaintiff testified that before leaving Carbondale he had received a check drawn to his order by the Brotherhood of Locomotive Engineers, who had an office in the city of New York, upon a city bank; that he had taken such check to his bank in Carbondale; that he had there indorsed and delivered it, and that he had received in exchange for it four rolls or packages of money, each containing $500 in $20 bills; that later he had placed this money in a money belt which he wore, and that he had this belt and this money on his person when he arrived at the defendant's hotel; that he kept it in his hotel room on the night of the day of his arrival and that on the next morning he had taken it to the office of the hotel for the purpose of depositing it with the hotel clerk. It further appeared that on the ground floor of the hotel there was a lobby; that in this lobby there was the hotel office and that in this office there were one or more clerks, a telephone operator and at least from time to time the manager; that back of the desk on which was the hotel register there was a cabinet with pigeon holes for room keys and the mail matter of guests; that back of this cabinet there was a safe that had been made by the Herrick Company; that it formed part of the hotel and had been in that position for upwards of seventy-five years; that a portion of it was subdivided into sixty different compartments; that into each of these compartments was fitted a tin box; that each of these boxes was supplied with a lock, and that when a box was inside of the frame in its position in the safe and was locked, it could not be unlocked or taken out except by the use of two keys, both being required to unlock the lock; that these boxes were numbered; that each had an individual key which would fit the lock in the given box, but no other lock; that these keys were stamped with a number; that

the boxes were likewise numbered and that a key with a given number would unlock in conjunction with the master or control key only the box bearing the corresponding number. The record does not disclose the talk, if any, that there may have been between the plaintiff and the hotel clerk except that the plaintiff says that he asked for a receipt and was told by the clerk that the key (referring to the box key given to him) was his receipt. A box appears to have been assigned to him, the key for it given to him, and he testified that he placed in it the money referred to, and that thereafter on two separate occasions he went to the box for the purpose of withdrawing money, and on those occasions he opened it, using his key and the clerk another key, and that on those occasions he withdrew money from it; that thereafter, namely, on the morning of March fifteenth, he went to the box, and that upon opening it on this third occasion he found that $1,960, the total remaining unwithdrawn by him, was missing.

At common law an innkeeper is an insurer of the property of his guests and is liable in the event of its loss unless its loss be due to an act of God or the public enemy. An innkeeper's liability has under certain circumstances been lessened by statute and now whenever the proprietor of a hotel provides a safe in the office of such hotel for the safekeeping of money belonging to a guest and notifies the guest thereof by posting a notice stating the fact that such safe is provided in which money may be deposited, and such notice is placed in a public and conspicuous manner in the office and public room and public parlors of the hotel, and the guest neglects to deliver such money as he may have to the person in charge of such office for deposit in such safe, the proprietor is not liable for any loss of such money if sustained by such guest by theft or otherwise.

In the case at bar it is undisputed that the proprietor of the defendant provided a safe in the office of the hotel for the safekeeping of money belonging to the guests and notified the guests thereof by posting a notice of the fact that such safe was provided in which such money might be deposited and that such notice was placed in a public and conspicuous manner in the office and public rooms and public parlors of the hotel. It follows that had the plaintiff retained the money upon his person, or in his room, and it had been lost, there would have been no liability on the part of the defendant arising from such loss. The further provisions of the statute show that had the plaintiff tendered the $2,000 to the proprietor or manager of the defendant hotel for the purpose of deposit in the safe provided by the hotel, it would have been optional with the manager to have received or

declined to have received such deposit because the amount exceeded $500, and that if the manager of the defendant hotel had elected to receive the $2,000, and the money had been delivered to him and placed by him in such safe, the liability of the hotel in the event of its loss, in the absence of negligence, would not have exceeded $500 in the absence of a special agreement in writing between the plaintiff and the defendant.   Plaintiff in that which he did did not avail himself of the provisions of the statute.   He neglected to deliver the money to any representative of the defendant for deposit in such safe, and, as stated, if he had lost the money while upon his person, or in his room, there would have been no liability on the part of the defendant; but the plaintiff and the defendant entered into an arrangement by virtue of which they became the joint custodians of the money, neither having the exclusive dominion or control over it. The defendant hotel had no opportunity to change of its own volition the particular place in which the money was put for the better safeguarding it in the event of contingencies that might arise, and the place where and method by which it should be safeguarded was determined by the joint consent of the parties.   Each appears to have regarded the chosen place as one of security. Plaintiff saw the box and its location, the lock in its construction, the key in the box and its make, and in the exercise of his judgment he appears to have preferred that method of safekeeping to the physical delivery of the money to the person in charge of the office for placement by such person in such part of the safe as such person in the exercise of his judgment might select.   This arrangement between the parties gave rise to rights and created obligations. These rights and obligations did not spring from the relation of innkeeper and guest.   They are not governed by that law, and they do not fall within the provisions of the statute.

For a spoliation by the defendant of the plaintiff's money by the taking of it wrongfully into its exclusive control, or by the omission of that care which it was required under the circumstances to exercise in the joint safekeeping of such money, it would have been responsible; but the case was not one in which *prima facie* liability was established by mere non-delivery and negligence on defendant's part was negatived by the evidence.   The money was put where the plaintiff directed, when the plaintiff directed, and as plaintiff directed.   It was put in a safe that for years had been used, one which was made by a well-known maker, and there is no evidence of the omission to exercise ordinary care on the part of the defendant.   It may be added that in all material respects the law as above stated was the law as laid down by the trial judge with the acquiescence of the plaintiff and it must be regarded as the law of this

case. He held that the plaintiff had not established that there had been any delivery pursuant to section 200 of the General Business Law (as amd. by Laws of 1923, chap. 417). He further held that liability, if any, on the part of the defendant did not arise out of the relation of innkeeper and guest, and he held that liability, if any, on the part of the defendant arose from the obligations created by the special agreement between the parties. The error in the charge consisted in the assumption that this special agreement resulted in a bailment by the plaintiff and that the defendant had become a bailee, and in a failure to recognize that the custody became a joint custody and that it never became the exclusive custody of the defendant. The error referred to led to a holding in effect that the non-production by the defendant upon demand of the money made a *prima facie* case against the defendant and threw upon it the burden of negativing negligence. This was not so, and there was no evidence adduced that the loss of the money was due to defendant's negligence. There must be a reversal of the judgment as the verdict was against the weight of evidence and error was committed to defendant's prejudice, and a new trial ordered, with costs to defendant to abide the event.

BIJUR, J. (dissenting). The jury was entitled to believe that plaintiff, while a guest in defendant's hotel, placed in a drawer of a safe provided by defendant in its office $1,940; that he asked the clerk in charge for a receipt and was given the key of the drawer with the remark that the key was his receipt. The money disappeared and plaintiff sued for its recovery.

Defendant's apparent position on the trial and on this appeal is that the " plaintiff did not deliver the money to defendant for deposit within the meaning of Sec. 200 of the General Business Law " (which is a limitation upon the common-law liability of an innkeeper). The defendant also claims that the plaintiff failed to deliver the money to defendant.

Upon this rather puzzling claim the learned judge below accepted the defendant's contention on a question of law, namely, either that the safe provided did not comply with the statutory requirement, or that the method adopted prevented the guest from delivering the valuables to it within the meaning of the statute, and that, therefore, the case was not governed by section 200 at all. While it is true that defendant had the right, of which it availed itself, to set up inconsistent defenses, and did plead the limiting protection of the statute in its answer, I do not understand how it can now claim that the trial judge was in error in accepting its own contention on a question of law or how it could ask the court, which

had accepted that contention, to submit to the jury a defense based upon an assumption inconsistent with defendant's own claim as to a matter of law. If, however, it can by any hypothesis be assumed that the question passed on by the trial judge in conformity with defendant's claim was one of fact, there was no request by defendant's counsel to submit to the jury an alternative issue of fact with instructions as to the effect of the respective findings. It is true that at the close of plaintiff's case defendant's counsel asked the court to limit the liability to $500 in accordance with section 200, to which the court replied: " Motion denied." This, however, was after three pages of colloquy during which defendant's counsel argued his theory that the defendant never had possession of the property; that plaintiff failed to prove any negligence and that there was a difference in responsibility between a hotel and a safe deposit company; concluding with the statement that in the case of the latter the relation was that of bailor and bailee whereas " in a hotel in this situation there is no such agreement unless provided in writing, and no consideration for it." It is not surprising to my mind that the learned judge was unable to understand how the statutory limitation to $500 applied to the case as presented by defendant's counsel. When these motions were renewed at the close of defendant's case the learned judge invited further argument and asked: " Defendant admits that the hotel never had possession of this property within the statute, is that right? " to which defendant's counsel replied: " That is right." Indeed, throughout the entire trial defendant persistently obtruded its claim that there had been no delivery to it of the plaintiff's property and all of its requests to charge were blended with that contention. There were, as I have said, occasional references to the limitation of liability, but they were either made in informal colloquy or so mingled with the main contention that the refusal to charge as to the limitation cannot be regarded as error, and certainly not as reversible error.

In this situation it seems to me that the defendant unfortunately put itself into a position where it would have to be held to its common-law innkeeper's liability in the absence of any effect from the statute limiting that liability. The trial judge, however, charged the jury (more favorably to the defendant, perhaps, than was its due) that the situation was analogous to that of a safe deposit company and its customer, namely, that of bailor and bailee (see *Roberts* v. *Stuyvesant Safe Deposit Company*, 123 N. Y. 57), and that it might find for plaintiff if negligence on the part of defendant was proved, a *prima face* case to that effect being made out under *Claflin* v. *Meyer* (75 N. Y. 260).

In the summing up of defendant's counsel and in the court's charge particular stress was laid upon the two real issues of fact thus evolved, namely (1) whether plaintiff actually put into the box the sum claimed; and (2) whether defendant had disproved negligence by showing how the loss had occurred and that it was without its fault. The jury's finding was manifestly against defendant on both issues. The first was a pure question of fact, and as to the second, there are not only elements of fact affirmatively shown which warranted a finding of negligence — such for instance as the very age of the safe — but defendant's proof failed to reach the standard set by the cases for defendant's exoneration. (*Thorn* v. *Straus*, 78 Misc. 139, and cases there cited.)

Had defendant taken the position that section 200 did apply but that as no special agreement in writing had been entered into, defendant's liability was limited to $500, plaintiff's counsel would have been apprised of that contention and could have asked for a direction or instructions in respect of a possible waiver of that provision by the defendant. In the first place, the notice to guests posted by defendant read, in a free adaptation of the language of section 200: "A safe is provided in the office of this hotel for the safekeeping of all money, jewels, ornaments or other valuable articles of small compass belonging to its guests," to which was gratuitously added, "Unless so deposited the management will not be liable for the loss thereof." From this I think there is a perfectly natural and fair inference that if so deposited the management would be liable. *Second*, the notice at the head of each page of the hotel register, on which defendant's counsel has laid great stress, read: "Guests are hereby notified that the proprietor will not be responsible for valuables, money, jewelry, etc., unless the same are deposited with the cashier, subject to rules of the house and conditions, on receipt given by him." From this I think it is an equally fair and reasonable inference that the proprietor interpreted the language of the statute that he should not be liable for any loss "in any sum exceeding the sum of five hundred dollars, unless by special agreement in writing with such proprietor," as meaning that the special agreement there referred to was to be in the form of a receipt given by the proprietor or his cashier. When to these two elements is added the fact that when the plaintiff, supposedly advised of the situation by these notices, asked for a receipt, which presumably would indicate the terms of the deposit, he was told that the key was his receipt. Upon this state of facts I am of opinion that the limitation of liability contained in the statute was waived as a matter of law.

I have not undertaken to decide the issues either of fact or of

law which might have been raised in the course of the trial, but am basing my opinion upon the actual state of the record and the actual course of the trial as it was conducted.

Defendant complains also of the following incident at the trial: The case was submitted to the jury on a Friday afternoon and a sealed verdict ordered to be opened on the following Monday morning. The jury reported on Monday morning that it was unable to agree. The court thereupon resubmitted the case to the jury in spite of defendant's counsel's objection to resubmission. I think that the action of the court below was fully justified. (*Warner v. N. Y. Central R. R. Co.*, 52 N. Y. 437; *Tenenbaum v. Cohen*, 100 Misc. 360; *Seidenbach v. Riley*, 6 N. Y. St. Repr. 104; *Gelb v. Third Ave. R. Co.*, 123 Misc. 136.)

I find no error either of law or of fact in the record and think, therefore, that the judgment should be affirmed, with costs.