[Civ. No. 6449. First Appellate District, Division One.—June 15, 1929.]

S. O. HOFFMAN, Respondent, v. EASTMAN KODAK COMPANY, Appellant.

F. Eldred Boland and Knight, Boland & Christin for Appellant.

Edmund Gerald Brown and Lewis E. Lercara for Respondent.

TYLER, P. J.—Action for damages for the loss of a roll of film deposited by plaintiff with defendant for development.

The film consisted of a strip about one hundred feet in length, which had been exposed by plaintiff in one of the small amateur moving picture cameras now on the market and left with defendant to be developed. This character of film is manufactured by defendant and sold by it at the price of six dollars through retail dealers with the under-

standing that the original price includes developing. The evidence shows that plaintiff purchased one of such films and thereafter, accompanied by his sister, took a trip to the Grand Canyon, Arizona. He had with him his amateur moving picture camera and the film in question, his declared intention being to take, while at the canyon, some moving pictures of the scene, and particularly the color stratification of the walls of the canyon. Plaintiff admitted that, although he was at the canyon over a period of ten days, he only exposed this particular film, except that he took some "snap shots" with a small pocket kodak. He spent three days on a trip with his sister to the bottom of the canyon and the remainder of the time on the rim thereof at the Tovar Hotel. They also took sightseeing trips. Plaintiff testified that he took the trip primarily for the purpose of taking pictures with the film in question. Upon returning from his vacation he delivered the film to defendant for development. The film was lost and the present action was brought to recover damages on account thereof. Plaintiff, for the purpose of proving the damages suffered by him, offered evidence of the cost of his trip. He testified that his total expenses in taking the trip amounted to the sum of $302. Whether or not this amount included his sister's expenses, the record does not disclose. It is conceded that the lost property had no commercial value. Plaintiff claimed, however, that he was an amateur photographer and the pictures taken had a peculiar value to him. It was upon this theory that the court admitted evidence of the expense incurred in taking the same, as the proper measure of damages, and rendered judgment for the expenses of the trip amounting to the sum of $302.

In cases of this character it has been held that the true rule is not to inquire as to the market value, since such articles have none, but to show the value to a plaintiff, taking into account the cost and nature thereof and also the character of the use to which the lost property might be put by him, and the like. (*Willard* v. *Valley Gas & Fuel Co.*, 171 Cal. 9 [151 Pac. 286].) Assuming the rule here applied as to the proper measure of damages to be correct, we are of the opinion that the judgment cannot stand. Section 1840 of the Civil Code provides that the liability of a depositary for negligence cannot exceed the amount which he is in-

formed by the depositor, or has reason to believe, the thing deposited to be worth. This section, in our opinion, constitutes a limitation of the general rule of damages provided for in cases of this character. Here no claim is made that defendant was informed as to the value of the film nor is there any evidence to show that it had any reason to suppose it had any special value. Defendant had the right to be informed upon this subject so that it might exercise the proper degree of care that the character of the property bailed would require. Without such information it had a right to assume that the property bailed had no special value. This rule is a salutary one, for without it one might receive films for development which were exposed in remote and distant places, requiring large sums to visit, which fact being unknown to the bailee, would incur a liability greatly disproportionate to any profit he might receive from their sale and development. Defendant, not having been informed, and having no knowledge of the value of the property bailed, its liability must be limited to the cost of the film, with which it was familiar.

Judgment reversed.

Knight, J., concurred.