[Civ. No. 6074. Second Appellate District, Division Two.—September 18, 1930.]

W. W. HOMAN, Respondent, v. BILLIE M. BURKHART et al., Appellants.

Preisker, Goble & Twitchell for Appellants.

Shaeffer & Weldon, Sawyer & Cluff, Harold M. Sawyer and Alfred I. Cluff for Respondent.

GATES, J., *pro tem.*—On March 30, 1927, respondent and his wife, who were returning to their home in San Francisco from a business trip and vacation in Texas, stopped in the city of Santa Maria. At about 10 o'clock at night on that date they stored their car, an open club roadster, and certain contents in the car, with appellants, who operate a garage. The baggage consisted of two suit-cases, a brown handbag, a black handbag, a hat-box, a trunk and other articles and was in the back part of the automobile. According to the evidence respondent called the attention of the night man who was in charge of the garage to the fact that there was a lot of baggage in the car and told the latter that he, respondent, did not want to unpack it and asked if it would be safe; that the night man replied that the baggage would be perfectly safe, that they were open all night and that he had nothing to do but to watch the cars and baggage in the garage; that that was his job. The next morning respondent paid for the storage, after presenting the claim check. When the car was delivered to him, his wife discovered that the baggage was missing. Respondent immediately returned to the garage and endeavored to get an explanation from the one in charge. One of the appellants told him that the night man had informed him, the appellant, that he had backed the car out into the street in order to get another car out of the garage and had forgotten to bring it in and had left it out in the street for a time. The appellant to whom respondent was then talking further stated that he had passed by the garage at about half-past 10 or 11 o'clock and saw the car standing in front of the garage, but paid no attention to the matter. On or about April 3d of the same year a part of the baggage was secured by peace officers from Mexicans at Guadalupe, a village ten miles distant from Santa Maria. The value of the property that was not returned was stipulated to by the parties. The contents of the suitcases consisted of clothing, dresses, toilet articles, linen, silverware, jewelry and miscellaneous articles of wearing apparel. Mr. Fonts, the night man, stated that he did not see any baggage in the car. He also testified

that when respondent drove into the garage he told him that he would have to back respondent's car into the street while he removed another car from the garage, and that respondent was present when his car and baggage was moved into the street. It was conceded that the baggage was stolen, but the specific time of the theft was not found. The court found in favor of respondent and gave judgment in the sum of $603.21, from which judgment this appeal is taken. No attack is made upon the sufficiency of the evidence to support the findings.

■ Appellants' first contention is that the bailment was gratuitous and that therefore slight care only need be proven. With this contention we cannot agree. The night man's attention was called to the fact that there was valuable baggage in the back seat of the car, and respondent asked him if it would be safe. He replied that it would be. Even though no special compensation was paid for the extra service, the care of the baggage, the transaction was nevertheless a bailment. "Where a bailment is a mere incident to the performance of services for which the bailee receives compensation or to the conduct of the business from which the bailee derives profits, it is a bailment for mutual benefit, although the bailee receives no compensation for the bailment as such." (6 C. J. 1100.) Appellants were depositaries for hire. (Civ. Code, sec. 1851.)

■ It is a well-settled principle of law in this state that a bailee for hire is not an insurer. (*Perera* v. *Panama-Pacific Int. Exp. Co.*, 179 Cal. 63 [175 Pac. 454]; *Baxter* v. *Shanley-Furness Co.*, 193 Cal. 558 [226 Pac. 391, 392].) In the last-mentioned case our Supreme Court said: "A depository or bailee for hire is liable only when he has been guilty of some negligence. He is chargeable only with ordinary care and diligence in safeguarding his bailor's property. (3 R. C. L., secs. 22, 23, p. 96.)" (See *Clark* v. *Burns Hammam Baths*, 71 Cal. App. 571 [236 Pac. 152]; *Muehlebach* v. *Paso Robles S. Hotel*, 65 Cal. App. 634 [225 Pac. 19]; *Webber* v. *Bank of Tracy*, 66 Cal. App. 29 [225 Pac. 41], where the doctrine is recognized.) In the instant case appellants were not insurers, and their only obligation was to exercise ordinary care in safeguarding respondent's property. (*Perera* v. *Panama-Pacific Int. Exp. Co., supra; Webber* v. *Bank of Tracy, supra.*) ■ To justify their

failure to deliver, appellants pleaded in their answer, as a special defense, that they were in nowise negligent in the care of respondent's property and that the loss of such articles was not due to any negligence or want of care on their part. If true, such facts constituted a complete defense. (Civ. Code, sec. 1852; 4 Cal. Jur. 24, sec. 14; *Tatro* v. *Baker-Fisk-Hugill Co.*, 215 Mich. 623 [184 N. W. 449]; *Galowitz* v. *Magner*, 208 App. Div. 6 [203 N. Y. Supp. 421]; *Emigh* v. *Wood*, 81 Cal. App. 347 [253 Pac. 947].) But the trial court found such facts to be untrue. The court, as trier of the facts, in deciding for the plaintiff, inferentially found that the appellants were negligent.

■ Whether the bailee has exercised due care is a question of fact for the jury or the court, if sitting without a jury, except in cases where but one reasonable inference can be drawn from the undisputed facts. (*Southern Pac. Co.* v. *Van Schmidt Dredge Co.*, 118 Cal. 368 [60 Pac. 650]; 6 C. J. 1163.) ■ We are not in accord with respondent's theory that a defendant, in cases of this nature, should at all times show his freedom from negligence in order that he be freed from liability. The weight of authority seems to be, at least in actions based on negligence, that the ultimate burden of proving negligence is ordinarily upon the bailor, where he is seeking to recover for the loss of property which it is conceded—as it is in the instant case—or which the evidence tends to show, with reasonable certainty, has been stolen while in the possession of the bailee. (*Perera* v. *Panama-Pacific Int. Exp. Co., supra; Firestone Tire & R. Co.* v. *Pacific Transfer Co.*, 120 Wash. 665 [26 A. L. R. 217, 208 Pac. 55]; 3 R. C. L. 151; 1 R. C. L. Supp. 776; 27 R. C. L. 1003.) See notes, 26 A. L. R. 232, and 48 A. L. R. 384, where numerous cases on this point are collated.

■ Appellants' contention that since respondent knew the car was to be placed outside the garage for a time he assumed such risk and it became a part of the bailment is untenable. As before stated, it was for the trial court to determine whether appellants were negligent. There might be some merit in the contention if the night man had told respondent that the car was to be left on the street for a certain time without any watching or care on his part; but

it clearly appears that the former promised to watch the car and its contents.

Appellants invoke Civil Code, section 1840, which reads as follows: "The liability of a depositary for negligence cannot exceed the amount which he is informed by the depositor, or has reason to suppose, the thing deposited to be worth." Appellants maintain that there was no specific value placed on the baggage; that the bailees had no cause to believe that the suitcases and baggage contained articles of exceptional value. The section quoted has been construed a number of times by our appellant tribunals. (*Cussen* v. *Southern Cal. Sav. Bank,* 133 Cal. 534 [85 Am. St. Rep. 221, 65 Pac. 1099] ; *Greer* v. *Los Angeles Athletic Club,* 84 Cal. App. 272 [258 Pac. 155]; *England* v. *Lyon Fireproof Storage Co.,* 94 Cal. App. 562 [271 Pac. 532] ; *Hoffman* v. *Eastman Kodak Co.,* 99 Cal. App. 436 [278 Pac. 891].) None of these cases is determinative of the point herein involved.

It is clear that the statement by respondent that the baggage was "valuable" was nothing more than his conclusion. He did not state to nor inform appellants' agent that the property so deposited was worth so much nor was of any particular value. Nor were there any other facts or circumstances other than respondent's statement that the baggage was of particular value. There is nothing in the record that in any degree indicates or shows that appellants had any reason to suppose or believe that the property deposited was worth any particular sum or amount. An owner of packed articles might himself think them immensely valuable, whereas they might to the general public have no market value whatever. Furthermore, a person might have his suitcases and trunks packed with scientific specimens of some kind which would be absolutely worthless to anyone but himself. For such articles, though he might have thought and even told the depositary that he regarded them as valuable, he could not recover. The right of a depositary to have knowledge of special value of articles bailed was pointed out by the court in *Hoffman* v. *Eastman Kodak Co., supra,* in the following language: "Here no claim is made that defendant was informed as to the value of the film nor is there any evidence to show that it had any reason to suppose it had any special value.

Defendant had the right to be informed upon this subject so that it might exercise the proper degree of care that the character of the property bailed would require.''

In view of section 1840 of the Civil Code it is clear that there can be no recovery for the articles contained in the handbag and the suitcases. The evidence does not disclose the value of the containers. For that reason it will be necessary for the trial court to determine the value of the handbag and the suitcases, for which judgment may be given.

Judgment reversed and cause remanded, with instructions to the trial court to determine the value of the containers and render judgment accordingly.

Works, P. J., and Thompson (Ira F.), J., concurred.