[L. A. No. 21327. In Bank. May 5, 1950.]

BEVERLY GARDNER, Appellant, v. JONATHAN CLUB (a Corporation), Respondent.

Murchison & Myers, R. Bruce Marchison, John B. Myers and Claude B. Cumming for Appellant.

Fulcher & Wynn, Gibson, Dunn & Crutcher, P. C. Sterry and C. G. Wynn for Respondent.

TRAYNOR, J.—Plaintiff, as assignee of Lambert H. Polderman, brought this action to recover $5,500 allegedly contained in an envelope delivered to defendant for safekeeping and not returned on demand. Defendant moved for summary judgment for plaintiff in the amount of $250 on the ground that its

liability was limited to that amount by Civil Code sections 1840, 1859, and 1860.* The motion was granted and plaintiff appeals from the judgment entered thereon.

Plaintiff's assignor was a resident member of defendant club, which rents rooms to members and guests. Pursuant to Civil Code, section 1860, defendant maintains a fireproof safe and has posted the prescribed notices. On June 18, 1947, Polderman delivered a sealed envelope (allegedly containing $5,500) to defendant's desk clerk with the request that it be placed in the safe. The envelope had printed on it the following:

"A Check

1781 This check to be signed when
 package is deposited.

In accepting this envelope and contents for safekeeping, we assume no liability other than that provided for in the Inn Keeper's Act of this state, which has limited our liability so that in no event can we be liable for more than the amount specified in said Act.

The employee accepting this envelope has no authority to accept same if the contents are valued at more than the amount specified in said Act.

The contents of this envelope do not exceed a value of $———.

Signature of Depositor ——————————————————————

Received by ——————————— Date ——— 19 ——

Do Not Detach Until Package Is Called For

Delivery only to owner after signature on Duplicate check 'B' is witnessed and compared.''

Polderman signed his name on the envelope, but did not indicate the value of its contents in the space designated for

---

*Civil Code, § 1840: ''The liability of a depositary for negligence cannot exceed the amount which he is informed by the depositor, or has reason to suppose, the thing deposited to be worth.''

Civil Code, § 1859: ''The liability of an innkeeper, hotel keeper . . . or lodging house keeper, for losses of or injuries to personal property, is that of a depositary for hire; provided, however, that in no case shall such liability exceed the sum of one hundred dollars ($100) for each trunk and its contents, fifty dollars ($50) for each valise or traveling bag and contents, ten dollars ($10) for each box, bundle or package and contents, and two hundred fifty dollars ($250) for all other personal property of any kind, unless he shall have consented in writing with the owner thereof to assume a greater liability.''

Civil Code, § 1860: ''If an innkeeper, hotel keeper . . . or lodging house keeper, keeps a fireproof safe and gives notice to a guest . . . or lodger, either personally or by putting up a printed notice in a prominent

that purpose. The clerk took the envelope and detached and gave Polderman the ''B'' check which provided:

''B Check

1781 This check to be signed only when package is called for in the presence of the Clerk on duty.

Signature of Depositor ————————————————————

Delivered by —————————————— Date ———— 19 ——

Package will be delivered only to party originally depositing it, whose signature appears on duplicate check on package.''

On September 4, 1947, Polderman presented the ''B'' check to defendant and requested the envelope, but defendant failed to return it to him. Polderman then assigned his claim to plaintiff for collection. Defendant's liability is controlled by the statutes governing innkeepers, for even the ''A'' check signed by Polderman made that liability coextensive with that ''provided for in the Inn Keeper's Act of this state.''

''The issue to be determined by the trial court in consideration of a motion [for summary judgment] is whether or not [plaintiff] has presented any facts which give rise to a triable issue . . . and not to pass upon or determine the issue itself, that is, the true facts in the case.'' (*Eagle Oil & Refining Co.* v. *Prentice,* 19 Cal.2d 553, 555 [122 P.2d 264] ; *Walsh* v. *Walsh,* 18 Cal.2d 439, 441 [116 P.2d 62] ; *U. S. Fidelity & Guar. Co.* v. *Sullivan,* 93 Cal.App.2d 559, 561 [209 P.2d 429].) If the complaint alleges facts that present a triable issue, a summary judgment is improper.

Before the amendment of sections 1859 and 1860 to substantially their present form in 1895, an innkeeper, like a common carrier, was liable as an insurer for loss of or injury to the goods of his guests. (*Mateer* v. *Brown,* 1 Cal. 221, 227.) Under the statutes as amended, however, his liability is that of a depositary for hire. To impose liability

place in the office or room occupied by the guest . . . or lodger, that he keeps such a safe and will not be liable for [specified articles of personal property] or other articles of unusual value and small compass, unless placed therein, he is not liable; except so far as his own acts shall contribute thereto, for any loss of or injury to such articles, if not deposited with him to be placed therein, nor in any case for more than the sum of two hundred fifty dollars ($250) for any or all such property . . . unless he shall have given a receipt in writing therefor to such guest . . . or lodger.''

on him for loss of the property of his guests, the loss must be caused by his own negligence or dishonesty or that of his employees. ■ If a bailor alleges and proves the deposit of property with the bailee, a demand therefor, and the failure of the bailee to redeliver, the burden of proof rests upon the bailee to explain his failure. (*George* v. *Bekins Van & Storage Co.*, 33 Cal.2d 834, 839-841 [205 P.2d 1037]; *U Drive & Tour, Ltd* v. *System Auto Parks, Ltd.*, 28 Cal.App.2d supp. 782, 784 [71 P.2d 354]; *Cussen* v. *Southern Calif. Savings Bank*, 133 Cal. 534, 537 [65 P. 1099, 85 Am.St.Rep. 221]; *Dieterle* v. *Bekin*, 143 Cal. 683, 687 [77 P. 664].) ■ If he fails to prove that the loss did not result from the aforementioned cause, he is liable for that loss under sections 1859 and 1860, but his liability is limited to the specified amounts unless he has assumed a greater liability or has himself stolen the property. Since defendant is a corporation it can act only through its employees. By its motion for summary judgment for plaintiff for $250, defendant conceded that the loss resulted from the negligence or theft of its employees. Section 1860 limits its liability therefor unless it gave a receipt in writing for the contents of the envelope, and summary judgment for that amount was proper unless such a receipt was given.

■ It is contended, however, that if the loss resulted from theft by an employee, the $250 limitation is inapplicable, and plaintiff is therefore entitled to a trial on the issue of theft. We cannot agree. Section 1860 unequivocally limits liability for loss ''in any case'' to $250; it does not except losses caused by employees' dishonesty. The same is true of the provision of section 1859 that ''in no case'' shall liability exceed the specified amounts. Neither statute furnishes support for the contention that the limitation was not designed to apply to losses resulting from theft by an employee of the innkeeper.

The New York Court of Appeal has interpreted a similar statute as limiting liability in all cases, including that of theft by an employee, in which the property has been lost from the possession of the bailee:

''The Appellate Division has decided that [the statute] does not protect the defendant or limit its liability because the jewelry was stolen by an employee of the defendant, thereby limiting the effect of the section to cases where the property of the guest placed with a hotel for safekeeping in a safe is stolen by some one not an employee of the hotel. We cannot agree with that construction of the section. There is nothing in the wording of the section which suggests such

a limitation of its meaning . . . The purpose of the section is to protect the hotel from an undisclosed liability . . .

"During the many years that a statute has been in existence in this State limiting the liability of a hotel to a guest, no case has been decided by this court indicating that such limited liability did not exist in case the property of a guest deposited for safekeeping was stolen from a hotel by an employee thereof. Such a holding by this court would nullify the purpose of the statute and be in conflict with the spirit and intent thereof.

"We do not hold that section 200 limits the liability of a hotel to $250 where the value of the articles left for safekeeping in a safe is not disclosed, and the articles are stolen by the hotel keeper. Such a theft would be by the hotel keeper from the guest and not a theft from the hotel keeper." (*Millhiser* v. *Beau Site Co.*, 251 N.Y. 290, 294-295 [167 N.E. 447]; *Goodwin* v. *Georgian Hotel Co.*, 197 Wash. 173, 184-186 [84 P.2d 681, 119 A.L.R. 788].)

Sections 1859 and 1860 are designed to relieve the innkeeper from his insurer's responsibility, "to protect [him] from an undisclosed liability" for the deposited property. They are as applicable to losses resulting from theft by employees as to losses from negligence. Theft by an employee is often the cause of such losses (see, *Millhiser* v. *Beau Site Co.*, 251 N.Y. 290, 294 [167 N.E. 447]; *Muehlebach* v. *Paso Robles Spring Hotel*, 65 Cal.App. 634, 640 [225 P. 19]), and cannot be excluded from the operation of sections 1859 and 1860 without vitiating their terms and purpose.

*Muehlebach* v. *Paso Robles Spring Hotel*, 65 Cal.App. 634 [225 P. 19], does not sustain a contrary conclusion. It was there contended in support of a judgment for the defendant innkeeper that section 1860 imposed no liability for the loss of goods resulting from theft by the innkeeper's employee. The court reversed the judgment, holding that section 1860 did not exempt the innkeeper from all liability for loss caused by an employee's dishonesty. That case decided only that the statutory imposition of liability was applicable to theft by an employee, not that the limitation thereof was not applicable. The court expressly stated that it did not decide the applicability of the $250 limitation. (65 Cal.App. 634, 648.) It is clear that the innkeeper is liable for loss caused by his employee's dishonesty, but that his liability is limited by the terms of sections 1859 and 1860. In view of defendant's admission of liability by its motion for summary judgment,

it is immaterial whether the loss resulted from theft or negligence.

It bears emphasis that section 1860 does not guarantee a minimum recovery of $250 in every case in which property deposited in a hotel safe is lost. Section 1840 limits the liability of the depositary to the amount it "is informed by the depositor, or has reason to suppose, the thing deposited to be worth." To recover judgment for $250, a plaintiff must prove that the deposited property was worth that much and that the innkeeper was informed or had reason to know of that fact. In this case, however, the question does not arise because defendant waived the requirement of that proof by moving for the summary judgment.

Plaintiff contends that the "B" check is a receipt within the meaning of section 1860 and that therefore there is no limitation on defendant's liability. We have concluded that the "B" check was not a receipt within the meaning of section 1860 for the contents of the envelope but was merely an identification check by which Polderman could prove his title to the envelope and that plaintiff's recovery was therefore properly limited to $250.

Sections 1859 and 1860 were designed to cover an innkeeper's liability for all articles of personal property carried by his guests. They have a common purpose and must be read together. In each section, the reason for the exception to the liability limitation is clear. Should a guest wish protection in excess of the statutory limitation, he must declare the value of his property to give the innkeeper an opportunity to confirm the estimate of value. He can then refuse to assume the greater liability or if he assumes it he can take proper precautions for the protection of the property. Liability in excess of the statutory limitation is thus based on the innkeeper's agreement to assume it. (*Hoffman* v. *Eastman Kodak Co.,* 99 Cal.App. 436, 438 [278 P. 891] ; *Providence Washington Ins. Co.* v. *Hotel Marysville, Inc.,* 60 Cal.App.2d 338, 344 [140 P.2d 698] ; *Homan* v. *Burkhart,* 108 Cal.App. 363 [291 P. 624] ; *Wilson* v. *Crown Transfer & Storage Co.,* 201 Cal. 701, 714 [258 P. 596] ; *Goodwin* v. *Georgian Hotel Co.,* 197 Wash. 173, 184 [84 P.2d 681, 119 A.L.R. 788] ; *Stoll* v. *Almon C. Judd Co.,* 106 Conn. 551, 559 [138 A. 479, 53 A.L.R. 1042] ; *Horton* v. *Terminal Hotel & A. Co.,* 114 Mo.App. 357, 362 [89 S.W. 363] ; *Pfennig* v. *Roosevelt Hotel, Inc.,* (La.App.) 31 So.2d 31, 34 ; *Whitehouse* v. *Pickett,* [1908] A.C. 357, 365.) Section 1859 unequivocally provides that the innkeeper's lia-

bility is limited to the amount specified, unless he consents in writing to assume greater liability. Section 1859 covers all articles brought into the hotel or inn by a guest. Section 1860, relating to small articles of unusual value that are easily lost or misplaced, affords the innkeeper additional protection against liability for loss. If he keeps a safe and posts the prescribed notices, he is exempted from all liability for such articles unless they are placed in his safe. If he does not keep a safe, section 1859 governs his liability. With respect to articles placed in the safe, the Legislature demonstrated its intention to apply the same limitation on liability, with the same exception, and for the same purpose as that embodied in section 1859. The "receipt in writing" exception of section 1860 requires the same acknowledgment of greater liability as that required by section 1859. (*Providence Washington Ins. Co.* v. *Hotel Marysville, Inc.,* 60 Cal.App.2d 338, 347, 348 [140 P.2d 698].)

The reason is clear for the variation in the terms "consented in writing" in section 1859, and "receipt in writing" in section 1860. Section 1859 refers to the property of guests remaining in their possession in the rooms of the inn or hotel; section 1860 refers to articles placed in the safe in the possession of the innkeeper. One ordinarily gives a receipt for goods delivered into his possession but not for goods remaining in the possession of another. As to the latter, therefore, the Legislature required written consent on the part of the innkeeper to assume a greater liability; as to articles deposited in the safe, a written receipt for specific goods of a declared value in excess of the statutory limitation is the equivalent of the written assumption of a greater liability.

This construction is clearly consistent with the provision of Civil Code, section 1840, limiting the liability of the bailee to the apparent value of the article unless the depositor informs him that it has greater value. The written acknowledgment of the receipt of goods of a declared value in excess of $250 would satisfy the information requirement of section 1840. If, however, plaintiff's construction were adopted, the mere act of giving an identification check for a deposit of unknown value would impose unlimited liability even though the bailee was not "informed, or [had] reason to suppose" the property was worth more than the statutory limitation. Plaintiff's construction would also render section 1860 meaningless. A bailee will ordinarily give a depositor a

check for the identification of an article deposited with him. Such a check cannot reasonably be construed as an acknowledgment of the receipt of an article of a specific value when the bailee is not informed of that value by the depositor. Unless "receipt in writing therefor" was meant to require more than the bare acknowledgment of receiving something that inevitably accompanies the ordinary bailment, the statutory limitation is completely nullified.

Plaintiff contends, however, that the use of the term "receipt" in section 1860 demonstrates a legislative intention not to accomplish the same purpose by section 1860 as by section 1859. She invokes the definition of "receipt" in *Greer v. Los Angeles Athletic Club*, 84 Cal.App. 272, 281 [258 P. 155]: "evidence of the ownership, delivery and identity of the baggage." That definition makes "receipt" the equivalent of an identification check. Receipt, however, is more accurately defined as "a writing acknowledging the taking or receiving of goods or money delivered or paid." (Webster's New Internat. Dict., p. 2077.) The distinction is readily apparent between that definition and the definition of an identification check as "a ticket, certificate, or token, by which ownership or title may be proved, or a thing or person may be identified . . . as a *check* for a coat, hat, etc., . . . a baggage *check*." (Webster's New Internat. Dict., p. 457.) By requiring a written receipt as an acknowledgment of having received goods or money delivered, the Legislature clearly intended an acknowledgment that a specific item was received with awareness of its nature and value. Section 1860 refers to responsibility for articles worth more than $250, and requires a "receipt in writing therefor" in order to impose a greater liability. The receipt must therefore be for an article worth more than $250. This requirement is not satisfied by the mere acknowledgment of an envelope received without knowledge or information of its contents or their value. There is as much likelihood that an envelope would contain a will, bonds, an insurance policy, a contract, newspaper clippings, as $5,500 in cash. The "B" check gave the depositor a means of identifying the envelope; it could not be a receipt for whatever it contained when the clerk was not informed what its contents were. (See *Providence Washington Ins. Co. v. Hotel Marysville, Inc.*, 60 Cal.App.2d 338, 348 [140 P.2d 698]; *Goodwin v. Georgian Hotel Co.*, 197 Wash. 173, 180 [84 P.2d 681, 119 A.L.R. 788]; *Kentucky Hotel, Inc. v. Cinotti*, 298 Ky. 88, 91 [182 S.W.2d 27]; *Norris v. Manischewitz Broadway*

*Central Hotel, Inc.,* 129 Misc. 329 [221 N.Y.S. 363, 364].) The dictum in the Greer case is contrary to the terms and purpose of the statute and is disapproved.

 It is undisputed that defendant maintained a fireproof safe and posted the prescribed notices thereof, and that plaintiff delivered personal property to defendant for deposit in that safe without informing defendant of the character or value of that property. Defendant by its motion for summary judgment for plaintiff has eliminated any triable issue as to its liability for loss of the property. Since we have concluded that the "B" check given without information or reason to know the value of that property does not constitute "a receipt in writing therefor," defendant is liable only for $250 and no triable issue of damages is presented. Summary judgment in the present case is therefore proper.

The judgment is affirmed.

Gibson, C. J., Edmonds, J., Spence, J., and Adams, J. pro tem., concurred.

CARTER, J.—I dissent.

I disagree with the result reached by the majority of this court. In order to reach that result, the majority hold that the "B" check is not a receipt in writing as contemplated by the provisions of section 1860 of the Civil Code.

Assume for the moment that the "A" check had been filled in properly with the amount deposited, the date, signature of depositor and the agent of the defendant who received it, and that it was entirely in order. The "B" check was detached from the envelope which comprised the "A" check and was given to the bailor. It was not within the contemplation of the parties that this check would be filled in until the depositor had received that which he had left for safekeeping with the bailee club, that is, the envelope containing the subject matter of the bailment. *If* the "A" check had been properly filled in, and *if* the depositor had actual knowledge of the contents of the envelope, would the bailee have given any different kind of receipt? The majority hold that the "B" check is not such a receipt "in writing" as is contemplated by section 1860 of the Civil Code. The absurdity of this is patent to anyone who has had experience in depositing valuables with a hotel for safekeeping. My experience has been

that the bailee who is cognizant of his duties will inquire as to the value of the article bailed, will then place it in an envelope of the proper size, and detach a receipt like the one in the instant case, and then give the receipt to the bailor. The code section makes no provision for any particular form of receipt. As was pointed out in *Providence W. Ins. Co.* v. *Hotel Marysville*, 60 Cal.App.2d 338, 348 [140 P.2d 698], section 14 of the Civil Code provides that "writing includes printing and typewriting."

In the *Providence W. Ins. Co.* v. *Hotel Marysville* case, *supra*, it clearly appears that the plaintiff was given a *brass check* with which to claim his sample cases. It also there appears that plaintiff knew that the hotel had envelopes with the same type of check attached as the "B" check here and which he might make use of if he desired to impose greater liability upon the innkeeper. It would seem that it should be very apparent to everyone that the "B" check was the only type of receipt within the contemplation of the parties, and that no other type of receipt would have been given in any event. Under the majority holding, no bailor may recover more than $250 for property of whatever value unless he demands something equivalent to an affidavit from the bailee.

The majority opinion states that "It bears emphasis that section 1860 does not guarantee a minimum recovery of $250 in every case in which property deposited in a hotel safe is lost. Section 1840 limits the liability of the depository to the amount it 'is informed by the depositor, or has reason to suppose, the thing deposited to be worth.'" Section 1840 reads *in full* as follows: "The liability of a depositary for *negligence* cannot exceed the amount which he is informed by the depositor, or has reason to suppose, the thing deposited to be worth." [Emphasis added.] Thus, it is only where the loss is occasioned through negligence that section 1840 applies. In the instant case, the plaintiff was precluded, because the motion for summary judgment was granted, from a trial on the merits. The defendant, as depositary, was under a duty to account for its failure to return the goods. (*George* v. *Bekins Van & Storage Co.*, 33 Cal.2d 834 [205 P.2d 1037]; *Cussen* v. *Southern California Sav. Bank*, 133 Cal. 534 [65 P. 1099, 85 Am.St.Rep. 221]; 13 So.Cal.L.Rev. 164.)

I am of the opinion that a summary judgment was improper in that a triable issue was presented, that is, whether the "B" check constituted a receipt in writing as contemplated by section 1860 of the Civil Code (*United States Fidelity & Guar.*

*Co.* v.. *Sullivan,* 93 Cal.App.2d 559, 561 [209 P.2d 429]), and the judgment should be reversed.

SCHAUER, J., Dissenting.—I concur in the conclusion reached by Mr. Justice Carter. On the record, for the purposes of this appeal, it must be deemed admitted that defendant, as a bailee for hire, received from plaintiff's assignor (hereinafter called plaintiff) an envelope containing $5,500, and that subsequently plaintiff demanded and defendant refused to return the subject of the bailment. Furthermore, a receipt in writing prepared by defendant was given to plaintiff. Under these circumstances the burden devolved upon the defendant bailee to return the bailed property or to exculpate itself for its failure so to do (see *George* v. *Bekins Van & Storage Co.* (1949), 33 Cal.2d 834, 840-841 [205 P.2d 1037]; *Downey* v. *Martin Aircraft Service* (1950), 96 Cal.App.2d 94, 99 [214 P.2d 581]; *U Drive & Tour, Ltd.* v. *System Auto. Parks, Ltd.* (1937), 28 Cal.App.2d Supp. 782, 784 [71 P.2d 354]) and a summary judgment on defendant's motion limiting its liability to $250 was improper.